BALDWIN, J.,
delivered the opinion of the Court.
The practice of the English courts, in relation to writs of scire facias for the renewal of judgments, as *well as other matters of practice, came to us on the. settlement of the countr}', and has prevailed here, so far as adapted to the organization of our Courts, and compatible with our own legislation. By that practice, execution was awarded on the return of two nihils, and it was recognized by our act of 1792, (1 Rev. Code, ch. 128, § 65, p. SOS,) but was restricted by that act to cases, where the defendant resided in the county, or where he was absent from the Commonwealth, and had no known attorney therein. By the act of 1831, (Supp. Rev. Code, p. 258,) upon the affidavit therein prescribed being made and filed, service of the scire facias was authorized, where the defendant was out of the Commonwealth, upon his agent or attorney in fact, or by publication in some newspaper as therein provided for. But this last mentioned act is permissive only, and in no wise abolishes the previously existing practice. The purpose of the *83 writ of scire facias is to give notice to the defendant of an application for award of execution, which cannot be had without an order to that effect, where execution had not been sued out upon the judgment within a year and a day: and the order is made in Court, or at the rules, upon due return of the process, unless good cause can be shewn to the contrary; and it is not a proceeding which requires a declaration or a rule to plead. The default of the defendant in not appearing to shew cause, is a sufficient foundation for award of execution, which if made at the rules, and not set aside at the next succeeding term, becomes a final judgment of the last day of the term. The provisions of the 6th section of ch. 170 of the New Code, are not applicable to the present case, which occurred .before the same took effect.
It seems, therefore, to the Court, that there is no error in the judgment of the Circuit court: and it is considered that the same be affirmed, with costs to the defendant in error.