# Richmond.

## McVEIGH v. BANK OF OLD DOMINION.

### March 16, 1882.

SCIRE FACIAS.—Neither declaration nor rule is necessary upon a *scire facias* to revive a judgment. If *scire facias* is returnable to rules, and defendant makes default, there should then be an award of execution, which, if not set aside at the next term, becomes a final judgment as of the last day of the term. No order of the court is necessary in such case, but could prejudice no one.

·Error to judgment of corporation court of Alexandria, rendered 16th October, 1879, on a writ of *scire facias* sued out by the Bank of the Old Dominion to revive a judgment theretofore obtained against W. N. McVeigh. The *scire facias* was sued out 5th September, made returnable to October rules, was executed 15th September, 1879, and was so returned. At October rules judgment was entered against defendant for failure to appear. Afterwards, at October term, on 16th instant, on motion of plaintiff, it was ordered that he have execution against defendant on the judgment; defendant objecting to the entry of the judgment, and moving the court to remand the cause to rules, which objection and motion the court overruled; and the defendant obtained from one of the judges of this court a writ of error and *supersedeas*.

*S. Ferguson Beach*, for appellant.

*H. O. Claughton*, for appellee.

ANDERSON, J., delivered the opinion of the court.

Upon the authority of *Williamson* v. *Crawford*, 7 Gratt. 202, which is recognized in a later case—*Bobauz and al.* v. *Commonwealth*, 24 Gratt. 38—as accurately expounding the law of this State, the court is of opinion that there is no error in the judgment of the court below. Upon a *scire facias* to revive a judgment, neither a declaration nor rule to plead is necessary. And if the writ is made returnable to rules, as it was in this case, and the defendant makes default, it is unnecessary to give him a rule to plead, but there should be an award of execution, which, if not set aside at the next term, becomes a final judgment as of the last day of the term. There was, consequently, no error in the judgment of the court, which overruled the motion of the defendant below to send the case to rules; nor in the judgment that the plaintiff have execution against the defendant, &c. Such order was unnecessary, as the judgment at rules, awarding execution, not having been set aside, would, by operation of law, have become a final judgment as of the last day of the term, and the judgment or action of the court, having the same effect, has not been to the prejudice of any right of the plaintiff here.

The court is of opinion, therefore, to affirm the judgment of the court below, with costs and damages.

JUDGMENT AFFIRMED.