## Richmond.

### SMITH v. HUTCHINSON AND ALS.

March 13th, 1884.

1. PRACTICE AT COMMON LAW—*Statute of limitations—Personal plea.*— The defence of the statute of limitations is a personal privilege, and to be made availing must be pleaded by defendants. The court has no power to interpose a plea *ex mero motu.*

2. IDEM—*Scire facias.*—Even in a case where no execution issued on judgment within the year, and which is *prima facie* barred, the practice is for clerk to issue *scire facias*, and for court to give judgment according to the writ, leaving defendant to plead the statute or not, at his own option, and plaintiff to reply the exceptions as far as applicable. Acts 1874, chapter 144, section 6.

3. IDEM—*Appeal from county courts—When cause remanded.*—On reversal or affirmance of judgment of county court, the cause must be retained by circuit court and not remanded, except by consent or for cause.· Code 1873, chapter 178, section 25.

4. IDEM—*Idem—Order.*—Remanding order in such case should show either · that it was remanded by consent of parties or for good cause shown.

5. APPELLATE COURT—*Omnia præsumuntur rite acta esse.*—Where whole matter of law and fact is left to court below and it decides on mere credibility of witnesses, appellate court will not disturb its decision, unless palpably wrong. But this principle applies not where it decided upon a rule of law supposed right, but in fact wrong. *Cheatham* v. *Hatcher*, 30 Gratt. 56.

Error to judgment of circuit court of Prince William county, rendered October 12th, 1881, upon error to judgment of county court of said county, refusing to renew, by *scire facias*, a judgment for $1,172.45, with interest and costs, in favor of appellant, Thomas A. Smith, against R. P. Hutchinson, Thomas K. Davis, and S. P. Bayly. The writ was duly served and docketed at term to which returnable, and continued to next term; but defendants ap-

peared not. County court, in effect, of its own motion, interposed the defence of the statute of limitations and denied revival. On error, circuit court reversed county court's judgment, and remanded the cause back to the latter court for trial.

Opinion states the case.

*C. E. Nichol,* for plaintiff in error.

*Wm. H. Payne,* for defendants in error.

RICHARDSON, J., delivered the opinion of the court.

On the 2d day of March, 1881, Thomas A. Smith sued out from the clerk's office of Prince William county a writ of *scire facias* to renew a judgment theretofore—to wit: on the 10th day of November, 1859, in the county court of said county—recovered by said Thomas A. Smith against R. P. Hutchinson, Thomas K. Davis, and S. P. Bayly, for the sum of $1,172.45, with interest thereon at the rate of six per centum per annum from the 2d day of May, 1859, till payment, and $8.11 costs. The writ, which appears at large in the record, is in the usual form in such cases. It is dated on the said 2d day of March, 1881, and made returnable to the 1st day of the then next March term, 1881, of the county court of said county of Prince William. On said writ these endorsements appear:

" 1881, March 3d. Due and legal service of the within process acknowledged.

"THOMAS K. DAVIS."

" 1881, March 4th. Due and legal service of the within process acknowledged.

"S. P. BAYLY."

" 1881, March 5th. Due and legal service of the within process acknowledged.

"R. P. HUTCHINSON."

In the body of the writ, after making the usual recitals, it is said : "That although judgment be given as aforesaid, yet execution of the debt, interest and costs aforesaid still remain to be made. But more than ten years has passed since said judgment, and though execution issued within one year after said judgment, there was no return made upon said execution. Therefore," &c.

With service thereof duly acknowledged, the said writ of *scire facias* was returned to the county court of said county on the 1st day of the March term thereof, which occurred on the 7th day of that month, and was then docketed and continued. At the next succeeding term of said court, commencing on the 4th day of April, 1881, none of the defendants appeared, *demurred or pleaded* to said writ, and the plaintiffs insisted upon a judgment, but the said county court refused to give judgment for the plaintiff, and entered its judgment, founded, it seems, upon the interposition by the court of its own motion, of the statute of limitations, as a bar to the plaintiff's motion ; which judgment of said county court is, in substance, this :

"This day came the plaintiff by his attorney, and the motion to waive being argued by the plaintiff's attorney, and the court, without passing upon evidence, and inspecting the *scire facias*, and the copy of the execution, by which it appears that no return was made on the said execution within two years from its issuing from the clerk's office, it is ordered that the said motion be overruled."

To which ruling and judgment of the said county court the plaintiff excepted ; and thereupon the plaintiff applied to and obtained from the judge of the circuit court of said county a writ of error to the judgment of said county court.

On the 12th day of October, 1881, the case came on for hearing before said circuit court upon the record of the pro-

·ceedings had in said county court, when a judgment was rendered by said circuit court as follows: "This day came the parties, by their counsel, and the court, having maturely considered the transcript of the record, is of opinion that there is error in the judgment of the county court. It is, therefore, ordered that the said judgment be set aside and that the cause be remanded to the county court for trial."

To this judgment a writ of error was allowed by one of the judges of this court.

It is necessary first to enquire into the propriety of the judgment of the county court. The writ of *scire facias* had been duly served, or, in other words, due and legal service of the same had been acknowledged; the writ was returned to and docketed at the term of the court to which it was made returnable, and was then continued to the next term of said court, when, no appearance being made by either of the defendants, and no demurrer, plea or other defence being offered, the plaintiff moved for judgment, and the court, as shown by its judgment, without passing upon evidence, of its own motion interposed the statute of limitations and refused to give judgment for the plaintiff, that he have execution against the defendants of the debt, interest and costs, according to the judgment set forth in said writ of *scire facias*.

This judgment of the county court is clearly erroneous. The defence of the statute of limitation is a personal privilege, and to be made availing must be pleaded by the defendant. The court sits to determine all questions of law and practice under established rules, and not to interpose or plead, as in effect it did in this case, special defences for defendants who, by their conduct in failing to appear and make defence, in effect say they cannot gainsay the plaintiff's right to revive the judgment in the *scire facias* mentioned. 1 Rob. Pr. (old ed.), 586; *Jones* v. *Carter*, 6 Munf. 105.

Our statute, § 12, ch. 182, Code 1873, provides that: "On a judgment execution may be issued within a year, and a *scire facias* or action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be issued, or a *scire facias* or action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return." Then follow the exceptions. By the succeeding 13th section, of the same chapter, it is declared: "No execution shall issue, nor any *scire facias* or action be brought, on a judgment in this State, other than for the Commonwealth, after the time prescribed by the preceding section." Then follow the enumerated exceptions to that section. The law, as it formerly stood, imposed no limitation to a *scire facias* upon a judgment, except only in the case of a judgment on which no execution had issued ; and in cases of executors and administrators, upon judgments against their testators or intestates. In all other cases, the remedy was left as at the common law; and at common law there was nothing like a limitation in such case, except the presumption of satisfaction arising from a delay to proceed upon the judgment for twenty years, which might be repelled by circumstances. 1 R. C. 1819, p. 489, and Green, J , in *Randolph* v. *Randolph*, 3 Rand. 493. The effect of these provisions, limiting writs of *scire facias* upon judgments, was considered in *Day, Ex'or of Yates* v. *Pickett*, 4 Munf. 104; *Gee* v. *Hamilton and Wife*, 6 Munf. 32; and *Peyton's Adm'r* v. *Carr's Ex'or*, 1 Rand. 436. In each of these cases the statute was pleaded; and they may be said to illustrate in practice the principle, which we take to be undeniable, that where in a case in which no execution issued within the year, and which *prima facie* is barred, the practice is for the clerk to issue the *scire facias*, and leave the defend-

ant to plead the statute, and the plaintiff to reply the exceptions, so far as they may be applicable to his case.

The only practical difference between the law as it stood in the first revised Code of 1819 and the statute now in force is, that in addition to the limitation imposed by the former, which went only to judgments when execution had not issued, the present statute also imposes a limitation as to the writ of *scire facias or action,* although execution did issue within the year, and although other executions may have issued; the limitation in such case being ten years from the return day of an execution on which there is no return, or twenty years from the return day of an execution on which there is such return. But this difference in the two statutes in no manner changes the principle or practice requiring the statute to be pleaded if relied on. Nor can it be said that the writ in the case under consideration was demurrable; for although *prima facie* barred by the recitals therein, yet had the statute been pleaded, some one or more of the exceptions in the statute or other matter might have been replied so as to avoid the bar. Hence the propriety and manifest justice of the rule requiring the statute to be pleaded. And in a case like this, if the statute be not pleaded, and no other adequate defence be made, it is the plain duty of the court to give judgment for the plaintiff according to the writ.

In *Williamson* v. *Crawford*, 7 Gratt. 202, Baldwin, J., delivering the opinion of the court, said: "The purpose of the writ of *scire facias* is to give notice to the defendant of an application for award of execution, which cannot be had without an order to that effect, where execution had not been sued out upon the judgment within a year and a day; and the order is made in court or at rules, upon due return of the process, unless good cause be shown to the contrary; and it is not a proceeding which requires a decla-

ration or a rule to plead. The default of the defendant in not appearing to show cause is a sufficient foundation for award of execution, which, if made at the rules, and not set aside at the succeeding term, becomes a final judgment of the last day of the term."

In the case under consideration, the writ, in obedience to a provision contained in the 6th section of chapter 144, of the Acts of 1874, was made returnable to a term of the county court; which provision was especially framed with reference to proceedings by writ of *scire facias* in the county court. It reads: "Process of *scire facias* in the county court to revive a judgment under this section shall be returnable to the first day of any term thereof, and final judgment thereon shall be entered, unless the defendant, at the next succeeding term, appears, demurs, or pleads; in which case the issues shall be made up, and all pleadings in the same filed in open court; and the court shall, in its discretion, proceed to hear the cause at said term or continue the same." This statute is so plain that there can be no dispute as to its meaning. In no possible view could there be any warrant for the action of said county court, and its judgment was properly reversed by the circuit court. But the circuit court by its judgment went further and remanded the cause for trial to said county court. It only remains to enquire into the propriety of that feature of the judgment of said circuit court.

By § 25, ch. 178, Code 1873, it is provided in express terms: "When any judgment, decree or order of a county court is reversed or affirmed, the cause shall not be remanded to said court for further proceedings, but shall be retained in the circuit court, and there proceeded in, unless by consent of the parties, or for good cause shown, the appellate court direct otherwise." It is not pretended either that the parties consented or that any cause was shown for

remanding the cause for trial to the county court. On the contrary, the judgment of the circuit court shows that the cause was remanded because it had been erroneously decided. The language of the judgment is: "And the court having maturely considered the transcript of the record, is of opinion that there is error in the judgment of the county court. It is therefore ordered that the said judgment be set aside, and that the cause be remanded to the county court for trial.

It is well settled law that an appellate court will presume all proceedings had, as well as the judgment of the court below, to be regular and right unless the contrary plainly appears.

In *Cheatham* v. *Hatcher and als.*, 30 Gratt. 56, it was held that "where the whole matter of law and fact is submitted to the court below, and its decision is based upon the mere credibility of the witnesses, it will not be disturbed by the appellate court, unless palpably wrong; but that this principle has no application in a case where the decision of the lower court proceeded, not upon the credit to be given to the witnesses, but upon a rule of law supposed by it to be correct, but in fact erroneous."

Here the judgment of the circuit court, in the respect in question, is predicated upon a plain misapprehension of the law. The circuit court had no authority to remand the cause for the reason, as given, that it had been erroneously decided; but under the circumstances of the case, it should have retained the case and proceeded at once to give judgment for the plaintiff, as the county court ought to have done. We do not decide that the circuit court should, where a cause is remanded for trial in the county court, spread in its order at large the character of the cause shown for so doing, for to do so would in many cases be inconvenient, and would unnecessarily cumber the record. It is necessary and proper, however, that the judgment in

all such cases show either that it was done for good cause shown, or else by agreement of the parties.

For these reasons we are of opinion that the said judgment of the circuit court, in so far as it remanded said causes to the county county for trial, is erroneous, and must be reversed; but in so far as it reversed the judgment of the said county court, it must be affirmed; and that a judgment be entered here, such as the said circuit court ought to have entered, with costs to the plaintiff in error.

JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.