## Wytheville.

WYNN v. HENINGER.

JULY 1st, 1886.

1. PRACTICE AT COMMON LAW—*Appeal from county court—Cause remanded.*—On reversal of judgment of county court, the cause must be retained by the circuit and not remanded, except by consent or for cause, as a remanding order must show on its face that it was remanded by consent or for cause. *Smith* v. *Hutchinson*, 78 Va. 683.

2. IDEM—*Objections—Appeal.*—When such cause has been improperly remanded, objections need not be made in county court, but may be made upon appeal to this court.

3. JUDGMENTS—*Conclusiveness—Presumptions.*—Judgment of court of competent jurisdiction is presumed to be right, but it will not be presumed that a question has been determined unless it be shown by the record, expressly or by necessary implication, that it was in fact determined.

Error to judgment of circuit court of Tazewell county, rendered at the May term thereof, 1884, affirming a judgment of the county court of said county, in an action of unlawful detainer, wherein Simon Heninger was plaintiff, and Wm. T. Wynn was defendant. From this judgment Wynn obtained a writ of error and *supersedeas* from one of the judges of this court.

Opinion states the case.

*Williams Bros.*, for the plaintiff in error.

*Henry & Graham*, for the defendant in error.

LEWIS, P., delivered the opinion of the court.

At the September term, 1883, a motion of the defendant to quash the writ of summons was sustained by the court, and judgment entered for the defendant.

On a writ of error to this judgment, the same was reversed by the circuit court of the said county, at its November term, 1883, the order being in these words: "The court doth set aside and annul the said judgment of the county court, and doth further order that the cause be reinstated upon the docket of the said county court, to be further heard upon the pleas filed and the issue joined in said cause."

The cause was accordingly removed to the county court, and, upon the trial, resulted in a judgment for the plaintiff. This judgment, on a writ of error, was affirmed by the circuit court, and thereupon a writ of error was awarded by one of the judges of this court.

The statute provides that, "when any judgment, decree, or order of a county court is reversed or affirmed, the cause shall not be remanded to said court for further proceedings, but shall be retained in the circuit court, and there proceeded in, unless by consent of the parties, or for good cause shown, the appellate court direct otherwise." Code 1873, ch. 178, sec. 25.

Under this statute, it was decided in *Smith* v. *Hutchinson,* 78 Va. 683, that the record must show affirmatively that an order of a circuit court remanding a cause to the county court was by consent of the parties, or for cause shown—that is, it must show the grounds, though not necessarily the facts at large, upon which the cause was remanded. And this is so, because when a cause is appealed to a circuit from a county court, jurisdiction of the latter court over the cause is taken away by the statute, unless it is remanded on one or the other of the grounds mentioned in the statute, which ought, therefore, to

appear from the record; otherwise it is error for which the judgment will be reversed.

The rule undoubtedly is, that a judgment of a court of competent jurisdiction is presumed to be correct, and this presumption will prevail in the appellate court until the contrary is shown. Hence, if the record stated in the present case that the cause had been remanded by consent, or for cause shown, it would be presumed, in the absence of a certificate of the facts or the evidence upon which the circuit court proceeded, that its action was correct. But the rule, certainly in a case like the present, does not require the appellate court to presume that the action of the lower court was by consent of the parties or for good cause shown, when the record does not so state. In other words, a question determined by a court of competent jurisdiction is presumed to have been correctly determined; but it will not be presumed that a question was determined which is not expressly, or by necessary implication, shown by the record to have been determined.

It is contended, however, for the defendants in error, that inasmuch as no objection was raised in the county court, after the cause was remanded, to its being there proceeded in to judgment, it is now too late to raise the objection here. But we do not concur in this view. If such objection had been made in the county court, it would necessarily have been unavailing, in view of the mandate of the appellate court, directing "the cause to be reinstated upon the docket of the said county court to be further heard," etc.

We are therefore of opinion to reverse the judgment of the circuit court affirming the judgment of the county court, and to set aside and annul all the proceedings subsequent to the judgment of the circuit court at its November term, 1883, reversing the judgment of the county court, then before it, and

to set aside and annul so much of the judgment of reversal as directed the cause to be remanded to the county court.

Instead of remanding, the circuit court ought to have retained the cause, and finally disposed of it, unless "by consent of the parties, or for good cause shown," it was proper to direct otherwise.

JUDGMENT REVERSED.