# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## JOHN WEATHERMAN v. COMMONWEALTH.

### JUNE 20, 1895.

1. COURT ORDERS—*Authentication—Section 3114 of the Code.*—All of the proceedings had and orders made during the term of a court, which are spread on the record and which precede the signature of the judge, are thereby sufficiently authenticated. . And if only the orders of the last day of the term are signed this is sufficient authentication of all the orders of the term, though the reasonable inference from section 3114 of the Code is that the orders of each day should be separately signed ; and there should be no laxity in this respect, but the intention of the statute should be rigorously observed.

2. COURT ORDERS—*Entries nunc pro tunc—When made.*—In proper cases, to further the ends of justice, courts may make entries of judgments and orders *nunc pro tunc* in either civil or criminal cases, and the time within which this may be done is not limited. If the entry is one which the judge may be compelled, by *mandamus*, to make, he may make it of his own motion.

3. CRIMINAL PROCEDURE—*Signing Orders—Presence of Accused.*—Signing the orders is no step in the prosecution of a criminal, and no part of the trial, but is simply the authentication of what has been done, and where the record shows that the accused was present when the proceedings were had, he need not be present when the orders are signed.

Error to a judgment of the Circuit Court of Carroll county, rendered on the 28th day of April, 1892, whereby the plaintiff in error was sentenced to be hanged.

*Affirmed.*

The opinion states the case.

*W. D. Tomkins* and *John N. Opie,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

Riely, J., delivered the opinion of the court.

This case is before us upon a rehearing, which was granted upon an assignment of error that was not passed upon in the opinion of the court delivered at the June term, 1894.

We concur in the opinion of the court, delivered by Judge Lacy upon the former hearing, which affirmed the judgment of the Circuit Court; and it is only necessary, therefore, to pass upon the single error assigned in the petition for a rehearing.

It appears that the judge of the Circuit Court omitted to sign during the term the orders of the court of the day on which the jury returned their verdict of guilty against the accused, and this is the ground of error on which the petition for the rehearing is based.

It appears from the record that all the steps taken and proceedings had in the trial of the accused on that day, as well as on the other days during which the trial progressed, are wholly regular and in due form, and the only irregularity is the omission of the judge to affix his signature to the record of that day's proceedings.　Is this an error for which the judgment of the Circuit Court should be reversed ?　Section 3114 of the Code is as follows:

" The proceedings of every court shall be entered in a book, and read in open court by the clerk thereof.　The proceedings of each day shall be drawn up at large and read during that term, except those of the last day of a term, which shall be drawn up and read the same day.　After being corrected, where it is necessary, the record shall be signed by the presiding judge."

The statute does not in express terms prescribe that the orders of each day of a term of the court shall be separately signed, but that is the reasonable inference to be deduced

from its language; and this is the general practice of the
courts.   The orders and proceedings of each day in a case
are entered by the clerk in the order book under the di-
rection of the court.   These entries constitute the evi-
dence of such of the proceedings as have taken place, and
such of the orders as have been made by the court dur-
ing the progress of the trial, as it is necessary should appear
in the record, and the signature of the judge to the record
authenticates them and establishes their genuineness.   This,
we apprehend, is likewise the effect upon all of the proceed-
ings and orders of the term of the signature of the judge to
the proceedings of the last day thereof.   All entries made in
the order book during the term, which precede the signature
of the judge, are thereby authenticated.   And as the pro-
ceedings on the subsequent days, including the last day of
the term at which the accused in the case at bar was con-
victed, were duly signed, the omission of the judge to sign
separately the record of the proceedings of the day on which
the verdict of the jury was returned to the court and recorded,
cannot invalidate the verdict of the jury or the judgment of
the court.   No order made by the court or proceeding had
in a case during a term and entered by the clerk in the record
book should be allowed to become invalid, or to fail of effect,
by the omission of the judge, through inadvertence or neglect,
to sign the record of the orders and proceedings of the day
on which it was made or took place.   Judge Staples, in com-
menting on the statute prior to its amendment, in *Quinn et
als.* v. *Commonwealth*, 20 Gratt. 143, said: "But the failure
of the judge to comply with the directions of the statute
could not impair the rights of the Commonwealth, or those
of a citizen, in the record as an instrument of evidence, or a
muniment of title, or an absolute guaranty against a second
prosecution and conviction for an offense already passed upon
by a jury.   Had the petitioners been acquitted, they could

never have been questioned a second time for the same offense, although the judge had failed to sign the record. In the event of such failure, or a refusal on his part to do so, he might be compelled by *mandamus* to perform that duty.''

It is the apparent intention of the statute that each day's proceedings, when read and corrected, where it is necessary, (which, under the statute, may be done during the term), should be separately signed; and, while we do not deem this essential to the validity of the proceedings, where the record is signed by the judge at the close of the term, yet there should be no laxity in this respect, but the intention of the statute for good and obvious reasons should be rigorously observed and obeyed.

That which was intimated in the quotation from the opinion in *Quinn et als.* v. *Com.*, *supra*, that where the judge has failed to sign the record he might be compelled by *mandamus* to do so, the judge of the Circuit Court did voluntarily in the case at bar. At the next succeeding term of the court, upon his attention being called to the omission, he then, with the following recorded statement, ''Having inadvertently failed to sign this day's orders, and my attention being now for the first time called to the fact of the omission, I now, on this 9th day of November, 1892, sign the same now for then,'' affixed his signature thereto *nunc pro tunc*. There would certainly be no illegality in doing voluntarily what he could have been compelled to do.

The power of courts to make entries of judgments and orders *nunc pro tunc*, in proper cases and in furtherance of the ends of justice, has been recognized and exercised from the earliest times; and the period in which the power may be exercised is not limited. Freeman on Judgments, sec. 56; 1 Black on Judgments, secs. 126, 131; 16 Am. & Eng. Encyl. of Law, 1005 and note thereto; *Mitchell* v. *Overman's adm'r*, 103 U. S. 62; and *Allen* v. *Bradford*, 37 Amer. Dec. 689.

And this power may be exercised as well in criminal prosecutions as in civil cases. Freeman on Judgments, note to sec. 56; and *Burnett* v. *State*, 65 Amer. Dec. 131. If a court would have the right to enter a judgment and authenticate the record thereof now for then, it follows as clearly as the greater includes the less, the whole a part, that the judge may sign in like manner the record of a judgment rendered or a proceeding had at a previous term and duly entered by the clerk upon the order book.

But it is further objected that the orders were signed by the judge in the absence of the accused. This was not error. Signing the record of the proceedings of the court was not a step in the prosecution of the accused, or any part of his trial. It was simply the authentication by the signature of the judge of the orders and proceedings that were made and had that day in the trial of the accused, when, as the record clearly shows, he was present in person.

There is no error in the judgment of the Circuit Court, and it must be affirmed.

AFFIRMED.