93   327
99   280
93   327
e102  304

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### HALL AND OTHERS v. RATLIFF.

#### JULY 2, 1896.

#### Absent, Harrison, J.

1. MOTIONS—*County Treasurer against Deputy and Sureties in County Court —Ten Days' Notice.*—Under the provisions of sections 910 and 912 of the Code a county treasurer may proceed, by motion, upon ten days' notice, in the County Court, against his deputy and his sureties, for the failure of the deputy to pay over the proceeds of or to account for tax tickets placed in his hands for collection.

2. MOTIONS — *Proceeding by Treasurer against Deputy—Formal Pleadings Unnecessary.*—Upon a proceeding by motion by a treasurer against his deputy and the sureties on his bond, formal pleadings are not required. Any proper defence may be made as well without as with pleas.

3. SPECIAL VERDICTS—*What must be Found—Circuit Courts on Error to County Courts should Retain Cause.*—In a special verdict all the facts which are necessary to enable the court to determine whether or not the plaintiff is entitled to recover must be found with certainty. A court cannot infer any fact from those found. A verdict which falls short of these requirements, and only responds to certain questions propounded, but does not find all the facts necessary to enable the court to determine from the verdict the rights of the parties, should be set aside. If the case be in a Circuit Court, the Circuit Court should correct the proceedings in the County Court, and retain the case for further proceeding to be had therein, as provided by section 3487 of the Code.

Error to judgment of Circuit Court of Buchanan county, rendered September 27, 1894, upon a motion wherein the defendant in error was plaintiff, and the plaintiffs in error were defendants.

*Reversed.*

The opinion states the case.

*H. A. Routh* and *Evans & Dotson,* for plaintiffs in error.

*Burns & Ayers* and *E. L. Finney,* for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

A county treasurer has the right to proceed by motion, upon notice, in the County Court against his deputy and his sureties for the deputy's failure to pay over the proceeds of, or to account for, tax tickets placed in his hands for collection. Code 1887, sections 910 and 912.

In such motion the notice required is ten days. Code, section 3209.

The motion in this case was under sections 910 and 912, and not under 3211. The County Court, therefore, properly overruled the motion of the defendant to strike the case from the docket, because the notice of the motion was not executed fifteen days, and filed in the clerk's office ten days, before the first day of the term of the court to which it was given.

The order of the court shows that three pleas were offered and filed, yet four are copied into the record. Which of these are the pleas admitted does not appear. Pleas numbered one and two were so defectively drawn, or so badly copied, that it is impossible to say what defence they were designed to raise. No issue appears to have been taken upon any of the pleas, though the jury was sworn to try the *issue* joined.

As the proceeding was a mere motion, formal pleadings were not required. It was competent for the defendants, as well without as with pleas, to make any proper defence. *Board of Supervisors* v. *Dunn, &c.,* 27 Gratt. 608, 621; *Bunch, Ex'or* v. *Fluvanna County,* 86 Va. 452 and 454; 4 Minor's Inst., (1st Ed.) 1090.

Upon the trial of the cause, the plaintiff moved the court to direct the jury to find a special verdict upon the following interrogatories:

" 1. Did W. J. D. Boothe qualify as deputy treasurer of John M. Ratliff?

" 2. Did W. J. D. Boothe execute bond to John M. Ratliff, as such deputy treasurer ?

" 3. Who were the sureties of W. J. D. Boothe as such deputy treasurer of John M. Ratliff?

" 4. What amount of tickets went into the hands of W. J. D. Boothe as such deputy treasurer ?"

The defendants objected to this motion, but the court overruled their objection, and directed the jury to answer the interrogatories.   This action of the court is assigned as error.

A verdict like the one directed and found in this case is unknown to our practice.

A jury, says Mr. Minor, " have an option, instead of finding the negative or affirmative of the issue, as in a general verdict, to find *all the facts of the case disclosed upon the evidence before them,* and after so setting them forth to conclude to the effect following: that they are ignorant in point of law, on which side they ought, upon these facts, to find the issue; that if upon the whole matter, the court shall be of opinion that the issue is proved for the plaintiff, they find for the plaintiff accordingly, and assess the damages at such sum, &c.; but, if the court be of an opposite opinion, they find for the defendant."   4 Minor's Inst. (1st Ed.) 751; 2 Tidd's Pr., side page 896–7, note; 1 Rob. Pr. (1st Ed.) 372.

In *McMichen* v. *Amos & Others,* 4 Rand. 134, it was said that the verdict in that case was " not a special verdict in the usual acceptation of the term—a verdict finding all the facts supposed to belong to the case, and referring to the court the decision of the law arising upon those facts. The jury do not profess to find all the facts which consti-

tute the case. On the contrary, the finding is a general one—that the plaintiffs are free, unless, upon a single point of law reserved, the court shall be of opinion that the law is for the defendant. There can be no difficulty in comprehending the true nature of a verdict like this, although writers, in attempting to name it, may not have been fortunate in using terms of great precision. In 2 Tidd's Pr. it is said: "Another method of finding a *species of special verdict* is when the jury find a verdict generally for either party, but subject, nevertheless, to the opinion of the court above on a *special case*, stated by the counsel on both sides, with regard to a matter of law." After quoting what Archbold says upon the same subject, the court adds: " It is not material whether, with one of these writers, we call this proceeding 'a species of special verdict,' or with the other, ' a general verdict' with ' a special case.' They both mean the same thing—a general conclusion drawn by the jury from the facts, in favor of one or the other; subject, however, to the opinion of the court as to the law arising on a case specially stated by the jury. Such a general conclusion for one party, necessarily carries with it the idea that that party must prevail, unless the law, upon the *special case* referred to the court, shall be against him."

These two seem to be the only classes of special verdicts known to our practice. The verdict directed and rendered in this case does not belong to either; and, if it did, was clearly insufficient to authorize the judgment entered therein.

The motion was upon a bond of a deputy treasurer to his principal, yet there was no direction to find the terms, conditions, nor amount of the bond. It was for the default of the deputy in not paying over or accounting for tax tickets placed in his hands for collection, yet there was no enquiry directed to ascertain whether or not he was in default. The jury were directed to ascertain the amount of tax tickets that went into his hands, but no enquiry was directed as to

the amount of the tax tickets which had been accounted for, or for which he was entitled to a credit, because they could not be collected for any legal cause. The finding of the jury was somewhat broader than the interrogatories propounded, but not full enough to enable the court to properly render judgment thereon.

In a special verdict, all the facts which are necessary to enable the court to determine whether or not the plaintiff is entitled to recover must be found with certainty. It is an inflexible rule that the court upon a special verdict, cannot infer any fact from those found. 1 Rob. Pr. (old) 372; 4. Minor's Inst. (1st Ed.) 752, and cases cited; 2 Tidd's Pr., side page 897, note "A."

The defendants moved the court to set the verdict aside, but the court overruled the motion and gave judgment for the plaintiff.

Upon a writ of error to the Circuit Court the judgment was affirmed as to all the defendants except one, Wm. Matney, to whom a new trial was granted to be had in that court.

The Circuit Court ought to have reversed the judgment of the County Court as to all the defendants, set aside the verdict, granted a new trial, and retained the case in that court for further proceedings to be had therein. Code, section 3487; *Smith* v. *Hutchinson,* 78 Va. 683; *Wynn* v. *Harman,* 82 Va. 172; *Petit* v. *Cowherd,* 83 Va. 21.

For this error its judgment must be reversed, and this court will enter such order as it ought to have entered.

*Reversed.*