# Richmond

## GRIEF V. KEGLEY, JUDGE.

November 20, 1913.

1. TAXATION—*Mineral Lands—Erroneous Assessment—Correction.*—
The manner in which erroneous assessments of mineral lands
may be corrected is specially provided for by section 437-a of the
Code (1904) and amendments thereof, and is entirely different
from that of other lands. The correction of mineral land as-
sessments is placed under the jurisdiction of the State Corpora-
tion Commission by said section 437-a and amendments thereof,
and is excluded from the operation of sections 567, 568 and 573
of the Code (1904) relating to the assessment of other lands
by the express provisions of section 567, and hence the Auditor
of Public Accounts has no right to file a petition to rehear an
order made correcting an alleged erroneous assessment of min-
eral lands, and the circuit court has no jurisdiction to enter
any order in a proceeding founded on such petition.

2. PROHIBITION—*When Writ Lies.*—The writ of prohibition does not lie
to correct error, but to prevent the exercise of the jurisdiction
of the court by the judge to whom it is directed, either where
he has no jurisdiction at all or is exceeding his jurisdiction.
If the court or judge has jurisdiction to enter any order in the
proceeding sought to be prohibited, the writ does not lie.

Original application for writ of prohibition.

*Writ Awarded.*

The opinion states the case.

*J. J. A. Powell,* for the petitioner.

*Samuel W. Williams, Attorney General,* for the de-
fendant.

BUCHANAN, J., delivered the opinion of the court.

Max Grief filed his petition in this court praying that the Honorable Fulton Kegley, judge of the circuit court of Bland county, be prohibited from further proceeding upon a petition filed in said court by the Auditor of Public Accounts, seeking to have reheard an order made by that court upon the motion of Max Grief correcting an alleged erroneous assessment of mineral land.

Section 437-a of the Code, as amended by an act of Assembly approved February 19, 1910 (Acts 1910, pp. 52-54), provides for the special and separate assessment of all mineral lands, improvements, fixtures and machinery thereon, and for the entry of such lands on the land books separately from other lands charged thereon. It further provides that a copy of such assessment shall be certified to the State Corporation Commission with the name and post-office address of each person, firm or corporation in whose name any such lands or interests therein have been assessed upon the land books with the amount of tax extended thereon. Upon receiving such copy it is made the duty of the State Corporation Commission to examine into the justice of such assessments, and if it shall appear to the commission that any tract of land or any part thereof or improvements, etc., thereon has not been assessed at its fair market value, the said commission shall direct the Commonwealth's attorney for the county or corporation wherein such land is situated, or any special attorney it may designate, to apply in the name of the Commonwealth to the circuit court for the county, or corporation court of the city, to have said assessment corrected. It further provides that any person feeling himself aggrieved by such assessment may apply to the same court to have the assessment corrected.

Under the provisions of this act Max Grief, the petitioner in this case, moved the circuit court of Bland county to correct an alleged erroneous assessment of his lands lying in said county. Upon a hearing of his motion,

which was defended by S. W. Williams, Jr., special attorney for the Commonwealth, the court granted the relief prayed for by the land owner, Grief, by an order entered October 23, 1912.

On March 12, 1913, C. Lee Moore, Auditor of Public Accounts, offered to file his petition for a rehearing of said order. His petition was objected to by Grief, the land owner, upon the grounds,

"(1) That section 573 of the Code, under which said petition by its terms is offered to be filed, has no application to mineral assessments, but applies to general assessments;

"(2) That the Auditor is not a proper party to make any motion in the matter, and that section 437-a, under which the original notice was had, gives full proceedings in the matter by appeal at the instance of the Corporation Commission and not by the Auditor."

These objections were overruled and the petition, by leave of the court, was filed.

By section 567 of Pollard's Code it is provided that any person assessed with taxes on lands, or other property, or a license tax, aggrieved thereby, may, "unless otherwise specially provided by law," apply within a time named for relief to the court in which the commissioner gave bond and qualified, or to which or to whose clerk such bond and the certificate of his qualification were returned. That section requires the attorney for the Commonwealth to defend the motion, and that the commissioner making the assessment or his successor in office shall be examined as a witness touching the application, and the facts proved certified.

Section 568 provides when the court may order such assessment to be corrected, and requires a copy of any order made under it correcting an erroneous assessment to be certified by the court to the Auditor of Public Accounts and the Treasurer of the State.

By section 573 of Pollard's Code it is provided that "if from the statement of facts or other evidence the Auditor of Public Accounts shall be of opinion that the order of the court granting the redress is erroneous, he may, within one year from the time such order is made, file a petition for a rehearing of such application. Said petition, which is to be in the name of the Commonwealth, is to be presented and the hearing conducted by the attorney for the Commonwealth, and the case reheard as if there had been no previous hearing.

It is clear, as it seems to us, from a comparison of the provisions of section 437-a of the Code, as amended by the act of February 19, 1910, with the provisions of sections 567, 568 and 573 of the Code, that the petition filed by the Auditor for a rehearing of the application of Max Grief, and the order entered in that proceeding by the circuit court at its October term, 1912, is without authority of law. The manner in which erroneous assessment of mineral lands may be corrected is specially provided for by section 437-a of the Code and amendments thereto, and, therefore, by the express provisions of section 567, the correction of mineral land assessments is excluded from the operation of that section and sections 568 and 573.

By section 437-a and amendments thereto, copies of the assessments of mineral lands or interests therein are to be certified to the State Corporation Commission. Upon receipt of such copies it is made the duty of that commission to examine into the justice of any such assessments, and if it shall appear to the commission that any tract of land, or any part thereof, or the improvements, fixtures or machinery thereon, or any right or interest in the same, or any part thereof, has not been assessed at its fair market value, the commission is required to direct the Commonwealth's attorney for the county or corporation where the assessment was made, or any other special attorney it may designate, to apply in the name of the Commonwealth to

the proper court to have the assessment corrected. The original assessment is made by the assessor or commissioner of the revenue as the case may be, subject to the action of the State Corporation Commission, and the commission is authorized to employ for the purposes of the act "such person or persons as may be necessary to make, with the assessor or commissioner of the revenue, such inquiry into the value and such examination of the property and interests required by this act to be separately assessed, and of the improvements, fixtures and machinery thereon as it may deem necessary." That section further provides "that the person or persons employed by the State Corporation Commission may be required to give aid to the Commonwealth's attorney or any special attorney that may be employed by the said commission in prosecuting or defending any application for the correction of any assessment under this act by obtaining and giving information of facts, names of witnesses or otherwise." From the decision of the trial court in the proceeding to correct such erroneous assessment both parties are expressly given the right of appeal.

The provisions of section 437-a as amended furnish all the necessary machinery for fully protecting the rights of the Commonwealth in proceedings to correct erroneous assessments of mineral lands. They clothe the Corporation Commission with the power and impose upon it the duty of seeing that the mineral lands of the Commonwealth are assessed at their fair market value.

Section 437-a as amended confers no power and imposes no duty upon the Auditor of Public Accounts to represent the Commonwealth in the proceedings provided by that section for the correction of erroneous assessments of mineral lands. It confers that power and imposes that duty upon the State Corporation Commission, and it is manifest when that section is read in connection with chapter 24 of the Code that the legislature never intended that,

under the provisions of section 573 of the Code, the Auditor of Public Accounts should also represent the Commonwealth in proceedings for the correction of erroneous assessments of mineral lands, and have the right to have reheard any decision in such a proceeding which he might deem erroneous, although the State Corporation Commission might be fully satisfied that the decision was correct.

The next question is: Is this a proper case for a writ of prohibition?

It is well settled that the writ of prohibition does not lie to correct error, but to prevent the exercise of the jurisdiction of the court by the judge to whom it is directed, either where he has no jurisdiction at all, or is exceeding his jurisdiction. If the court or judge has jurisdiction to enter any order in the proceeding sought to be prohibited, the writ does not lie. *Fidelity, &c. Co.* v. *Beale, Judge,* 102 Va. 295, 303, 46 S. E. 307; Burks' Pleading and Practice, 777-779, and cases cited.

The averments of the petition of the Auditor show that it is a proceeding under section 575 of the Code. As we have seen, that section gives the Auditor no authority to file a petition in any proceeding instituted under the provisions of section 437-a as amended for the correction of an erroneous assessment of mineral lands. Neither has the circuit court jurisdiction to consider or grant any relief in such a proceeding upon a petition filed by the Auditor. As the Auditor has no right to file a petition to rehear the order entered in the proceeding instituted by Grief, under section 437-a of the Code as amended, for the correction of the erroneous assessment of his mineral lands, and as the circuit court has no jurisdiction to enter any order in such proceeding upon the petition of the Auditor, it follows that the petitioner is entitled to a writ of prohibition, as prayed for.

*Writ Awarded.*