## Richmond

Avon Williams Rollins v. Leon M. Bazile, Judge Designate of the Corporation Court of Danville, and A. M. Aiken, Judge of the Corporation Court of Danville.

November 30, 1964.

Record No. 5929.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

*Ruth L. Harvey* and *S. W. Tucker* (*Roland D. Ealey; Andrew C. Muse; Harry I. Wood; J. L. Williams*, on brief), for the petitioner.

*Francis C. Lee, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the respondents.

EGGLESTON, C. J., delivered the opinion of the court.

Invoking the original jurisdiction of this court, Avon Williams Rollins, hereinafter referred to as the petitioner, has filed a petition for a writ of prohibition to be directed to Honorable Leon M. Bazile, judge designate of the Corporation Court of Danville, and Honorable A. M. Aiken, judge of that court, to prohibit them, or either of them, from enforcing against the petitioner the execution of a purported order of conviction and sentence entered in that court on August 6, 1963.

The recitals in the petition may be summarized thus: On August 6, 1963, the petitioner was tried by the Honorable Leon M. Bazile, then serving as judge designate in and for the Corporation Court of Danville, for an alleged contempt of an order of that court. He was "convicted of the alleged contempt" and sentenced to serve "ten" days in jail and to forfeit $100. Execution of the sentence was suspended to permit the petitioner to apply to the Supreme Court of Appeals for a writ of error.

The clerk of the Corporation Court prepared a draft of an order of conviction and sentence which recited that the petitioner was sentenced to serve "thirty" days in jail and to forfeit $100. This draft of the order was spread upon the common law order book with the other proceedings of the court had on August 6, 1963, "without its verity having been attested by the judge designate by whom petitioner was tried."

On November 4, 1963, after the term at which the petitioner was tried had expired, he filed in the court below a motion to vacate the order entered on August 6, on the ground that "there is no order signed or endorsed by Judge Bazile to memorialize and carry into effect his oral pronouncement of the punishment ascertained by him." This motion was argued before Honorable A. M. Aiken, judge of the Corporation Court, on the day it was filed, but has not been acted upon.

On November 29 the judge designate affixed his signature to a draft of the order which was entered on August 6.

On January 24, 1964, the judge designate signed and caused to be entered of record in the Corporation Court an order directing the clerk to issue a capias for the arrest and confinement of the petitioner in execution of the judgment "purportedly entered on August 6, 1963."

The petitioner is advised and alleges that after the expiration of the July, 1963, term of the Corporation Court at which he was tried, the judge designate "was without authority of law" to attach his signature to the August 6 draft of the order of conviction.

The petitioner is further advised and alleges that execution of the purported order of conviction and sentence "would constitute a deprivation of his liberty and property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States."

The prayer of the petition was that a writ of prohibition be awarded and directed to the respondents, Honorable Leon M. Bazile, judge designate, and Honorable A. M. Aiken, judge of the Corporation Court of Danville, to prohibit them or either of them, from enforcing or causing or permitting to be enforced against petitioner the execution of the "purported order of conviction and sentence bearing date of August 6, 1963."

The respondents, appearing by the Attorney General, filed a demurrer alleging in substance that a writ of prohibition will not lie to attack the validity of the judgment of conviction complained of; that the petitioner has an adequate remedy at law to review such judgment by a petition for a writ of error which he has filed and is now pending.

In an answer the respondents repeated the same defenses. In addition thereto, they alleged that the judgment of conviction of the petitioner, "entered on August 6, 1963, and spread upon the order book was a final judgment as of the date of pronouncement;" that the signing thereof by the judge designate at a later date did not affect the validity of that order or determine the date at which it became effective; that the order of conviction having become final on August 6, 1963, and the time for prosecuting an appeal therefrom having expired on December 6, 1963, the petitioner should not now be heard to complain of the validity of that order through the extraodinary writ of prohibition.

It appears from the exhibits filed with the petition that the petitioner was cited and tried for contempt in refusing to obey an order

616

of the lower court which directed that he submit to an examination
by a physician appointed by the court to determine whether he was
physically able to appear in court and testify before a grand jury in
an investigation which was pending therein.

Depositions taken on behalf of the respondents show that a hearing
on the contempt proceeding was held on August 6, 1963, before
Judge Bazile, judge designate. At the conclusion of the hearing the
judge designate orally pronounced from the bench his judgment that
the petitioner was guilty of contempt and should be imprisoned for
a term of thirty days and required to pay a fine of $100. On the
same day the clerk of the court prepared an order to record the
judgment pronounced. This order was spread on the order book
on August 7, "nunc pro tunc for August 6." On November 29 the
judge designate went to the clerk's office and affixed his signature to
the draft of the order which had been prepared by the clerk, and
also to the order book in which it had been spread.

There is no basis for the statement in the petition that at the time
of the petitioner's conviction on August 6, 1963, he was sentenced
to serve *ten* days in jail. The undisputed documentary and oral evi-
dence shows that the term was *thirty* days.

■ The office of a writ of prohibition is not to correct error,
but to prevent the exercise of jurisdiction of the court by the judge
to whom it is directed, either where he has no jurisdiction at all, or
is exceeding his jurisdiction. See *Fidelity & Deposit Co.* v. *Beale,*
102 Va. 295, 303, 46 S. E. 307; *Grief* v. *Kegley,* 115 Va. 552, 557,
79 S. E. 1062; *County School Board of Tazewell County* v. *Snead,*
198 Va. 100, 104, 92 S. E. 2d 497, 501; *King* v. *Hening,* 203 Va.
582, 585, 125 S. E. 2d 827, 829; Burks Pleading and Practice, 4th
Ed., § 200, p. 326.

" * * * Although jurisdiction of the person, or of the subject mat-
ter, may have once existed, yet, if for any cause it has been lost, the
writ may issue. * * * " Burks Pleading and Practice, 4th Ed., § 200,
p. 326. See also, 42 Am. Jur., Prohibition, § 25, pp. 162-163. Accord-
ingly, it was held in *Burroughs* v. *Taylor,* 90 Va. 55, 56, 17 S. E.
745, that a writ of prohibition would lie to restrain a justice of the
peace from granting a new trial after the lapse of the statutory
period within which he was permitted to do so.

■ In the present case the petitioner concedes that the lower
court had jurisdiction to try the contempt charge against him. But
he says that after the expiration of the July, 1963, term at which
he was tried the court lost jurisdiction of the matter and the judge

designate had no jurisdiction or authority to affix his signature to the draft of the order of conviction drawn by the clerk or to the order book on which it was spread; that consequently such order was void and its execution should be restrained by the issuance of a writ of prohibition.

The trouble with this contention is that it fails to distinguish between the rendition of a judgment and its entry by the clerk on the records of the court. As is said in 30A Am. Jur., Judgments, § 94, p. 226, "The rendition of a judgment is to be distinguished from its entry in the records. The rendition of a judgment is the judicial act of the court, whereas the entry of a judgment by the clerk on the records of the court is a ministerial, and not a judicial, act. The entry or recording of the instrument does not constitute an integral part of, and should not be confused with, the judgment itself. Consequently, the judgment itself is not that which may be entered or recorded, but that which is considered and delivered by the court. * * * "

Similarly, in *Haskins* v. *Haskins*, 185 Va. 1001, 1012, 41 S. E. 2d 25, 31, we pointed out that, "A judgment is the determination by a court of the rights of the parties, as those rights presently exist, upon matters submitted to it in an action or proceeding. A written order or decree endorsed by the judge is but evidence of what the court has decided. The entry or recordation of such an instrument in an order book is the ministerial act of the clerk and does not constitute an integral part of the judgment. The order book is the recorded evidence of the court's decision. The signature of the judge to the record authenticates the record of the proceedings that have taken place. Judgments and decrees duly pronounced are entitled to record, and the failure of the judge to sign the record after their entry thereon is generally regarded as insufficient to impair their validity or effect."

See also, *Weatherman* v. *Commonwealth*, 91 Va. 796, 800, 22 S. E. 349; *Daley* v. *Commonwealth*, 132 Va. 621, 622, 111 S. E. 111; *Spicer* v. *Spicer*, 192 Va. 105, 108, 63 S. E. 2d 773, 776; *Commissioner of Internal Revenue* v. *Bedford's Estate*, 325 U. S. 283, 286, 65 S. Ct. 1157, 1159, 89 L. ed. 1611; 30A Am. Jur., Judgments, § 49, p. 200; *Id.*, § 118, pp. 238-239; Freeman on Judgments, 5th Ed., Vol. 1, § 46, p. 75.

Since the purpose of the signature of the judge to the memorandum of a judgment is merely to give the clerk a surer means of correctly entering that which has been adjudged, the absence of such signature

does not invalidate the judgment rendered. 30A. Am. Jur., Judgments, § 66, p. 211; Freeman on Judgments, 5th Ed., Vol. 1, § 62, p. 107.

In *Weatherman* v. *Commonwealth, supra,* we held that a judge may sign "the record of a judgment rendered or a proceeding had at a previous term and duly entered by the clerk upon the order book." (91 Va. at 800.) See also, 30A Am. Jur., Judgments, § 118, p. 239. This is because the signature of the judge merely authenticates the record of the proceedings that have already taken place. (*Haskins* v. *Haskins, supra,* 185 Va. at 1012.) The same is true as to the signature of the judge to the memorandum of the judgment rendered by him.

In the present case there is no doubt that the judgment was rendered on August 6, 1963. Indeed, the petition alleges that the petitioner was "convicted of the alleged contempt and sentenced" on that date and that execution of the sentence was suspended to permit him to apply for a writ of error. This is verified by a copy of the order attached to the petition and by the testimony of the clerk that the judge designate pronounced the judgment on that date.

Hence, we conclude that the failure of the judge designate to affix his signature to the memorandum of the judgment and the order book on which it was spread at the term at which the judgment was rendered did not invalidate the judgment.

The final contention of the petitioner is that the postponement by the judge designate of the affixing of his signature to the order entered on August 6, 1963, beyond the term deprived him of the constitutional guaranty of due process of law. He says in his brief that prior to the signing of this order "there was nothing pertaining to the petitioner's case which could properly have been the subject of appellate review."

There is no substance to this contention. The copy of the order of conviction spread on the order book under date of August 6, 1963, was notice to the petitioner of the judicial determination of the matter. That he was aware of the terms and effect of this order is shown by the fact that pursuant thereto he gave bond and was released on bail pending his filing a petition for a writ of error to that judgment. Moreover, it appears from the records of this court that such a petition has been filed and is now pending before us.

The writ of prohibition is denied.

*Writ denied.*