## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Great Atlantic Management Co., Inc.,
t/a Great Atlantic Agency

v.

Archie Elliott, Jr., Judge,
General District Court,
City of Portsmouth

June 20, 1986

Case No. (Law) L86-317

By JUDGE RAYNER V. SNEAD

The basic issue in this case is whether a writ of prohibition is an available remedy to a plaintiff to prohibit a judge from conditioning allowance of non-suits to this plaintiff on payment into court of attorneys fees collected from defendants (tenants) in out of court settlements of unlawful detainer cases filed by plaintiff.

If this question is answered in the affirmative, there are three subsidiary issues to be decided.

1. Should the judge be held in contempt for violating an appellate judge's oral order to desist from the practice of demanding the return of attorneys' fees as a condition of allowing non-suits in unlawful detainer cases settled out of court? (Before entering the order the appellate judge recused himself.)

2. Should costs and attorneys fees be taxed against the judge, defendant in this case?

3. Should the defendant judge be required to recuse himself in future unlawful detainer cases between this plaintiff and its tenants?

The principal factual background is found in plaintiff's three exhibits F, G and H. Exhibit F is the April 7th, 1986, transcript of the hearing before Judge Elliott in which he required payment into court of $25.00 attorney fees collected by plaintiff from tenants in out of court settlements before he would authorize non-suits. These fees were to be refunded to the tenants. Judge Elliott based his ruling on the Landlord-Tenant Act (Va. Code Section 55-248.31) on the theory that the cases were before him for ruling or decision on any issues until he actually granted the non-suits and finally that plaintiffs had a right to appeal.

Exhibit G is the transcript of the hearing on April 23, 1986, on the writ of prohibition filed against Judge Elliott in the Portsmouth Circuit Court whereby Judge Oast granted the writ and ordered Judge Elliott to stop conditioning the granting of non-suits on payment of plaintiff's attorneys fees into court for refund to tenants. Judge Elliott stated at this hearing that he would not change his procedure and said the order was a denial of his judicial discretion. Before entering a formal order, Judge Oast recused himself.

Exhibit H is the transcript of a number of cases heard before Judge Elliott in Portsmouth General District Court on May 2, 1986, in which Great Atlantic Management Company, Inc., is the plaintiff and several tenants of plaintiff are defendants. Judge Elliott continued the procedure of requiring payment of plaintiffs' attorneys fees collected in settlements by plaintiff and defendants before allowing non-suits in these cases.

In Counts I and II of the amended petition for a writ of prohibition the motion of petitioner will be sustained. Costs are awarded to petitioner pursuant to Va. Code § 8.01-648. In Counts III through V the motions of petitioner to hold defendant in contempt, the motion for attorneys fees and the motion to require defendant to recuse himself in future cases involving Great Atlantic and its tenants are denied.

A writ of prohibition will be granted to prevent a judge from acting without jurisdiction or exceeding

his jurisdiction. *In re Department of Corrections*, 222 Va. 454, 281 S.E.2d 857 (1981).

A plaintiff has an absolute right to non-suit a case once. Va. Code § 8.01-380. Neither the court nor defendant may preclude plaintiff from taking a non-suit or impose conditions on this right. That the trial court has indicated how it will decide a case does not preclude plaintiff from taking a non-suit. *Berryman v. Moody*, 205 Va. 516, 137 S.E.2d 900 (1964); *Newton v. Veney*, 220 Va. 947, 265 S.E.2d 707 (1980).

Judge Elliott clearly exceeded his jurisdiction, power and authority in allowing the petitioner his right to non-suits only upon the condition it refunded attorneys fees to tenants who agreed to pay these fees and in fact had paid them. This action of the court was a denial of due process of law and wrongful interference by the judiciary into private rights of contract. These tenants sought no protection of the court. As commendable as Judge Elliott's motives may have been, he had no right to intercede in or interfere with private settlements of disputes.

Judge Elliott's counsel indicates there was some burden on Great Atlantic's attorney to show the fees were reasonable. This court finds that petitioner had no such burden. Although on their face, the $25.00 fees appear reasonable, when petitioner asked for non-suits, he did not have to prove anything. Lack of proof is often the reason for taking a non-suit though not in this instance.

Counsel for defendant argues that because petitioner has a right to appeal the non-suited cases, a writ of prohibition should not be granted. The very purpose of a non-suit is to put an end to the proceedings. To say that an ended or completed suit can be appealed is an absurdity. There was nothing to appeal certainly as between Great Atlantic and its tenants who were defendants.

Judge Elliott took unilateral action against counsel for Great Atlantic without giving counsel an opportunity to be properly heard by rule or otherwise. Counsel was not a party defendant or plaintiff. This court finds no duty on counsel for Great Atlantic to prove anything about the attorneys fees which appear to have been rightfully and legally collected. There has been no authority presented, nor does this court find any, which would authorize

the General District Court to change fees voluntarily paid by tenants in the settlement of unlawful detainer cases. I believe *Triplett v. Second National Bank*, 121 Va. 189, 92 S.E. 897 (1917), which dealt with fee provisions in notes to be inapplicable here.

> The general principles governing writs of prohibition are well stated in *Supervisors of Bedford v. Wingfield*, 68 Va. (27 Gratt.) 329, 333-34, where it is said among other things, that prohibition, like all other extraordinary remedies, is to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress; that it is not a writ of right, but one of sound judicial discretion, to be granted or withheld according to the circumstances of each particular case. It is issued to restrain interior courts from acting without authority of law where damage or injustice is likely to follow from such action. It is never allowed to usurp the functions of a writ of error. *See also Grief v. Kegley*, 115 Va. 552, 557, 79 S.E. 1062, 1064; *Board of Supervisors v. Bazile*, 195 Va. 739.

The defendant having acted without authority is prohibited from retaining or paying to tenants attorneys fees in the unlawful detainer cases before him and shall return them to counsel for petitioner. This Court cannot find Judge Elliott in contempt of court because Judge Oast did not enter a formal order granting the writ of prohibition and disqualified himself before entering a detailed order setting forth the parameters of the writ of prohibition. Furthermore, before a finding of contempt should be made, a show cause or rule should be entered giving Judge Elliott an opportunity to be heard on this specific charge. It appears no such rule or order has been entered.

Attorneys fees are not allowed against Judge Elliott because there is no statute which would authorize them. As stated in 64 A.L.R. 2d 1329, "The general rule that in absence of statute or contract providing therefor, attorneys' fees are not allowable as costs, nor recoverable

as an item of damages, appears to be applicable to prohibition proceedings." The case of *Pulliam v. Allen and Nicholson*, 466 U.S. 522, 80 L. Ed. 2d 565, 104 S. Ct. 1970 (1984), holds that attorneys fees may be recovered under the Civil Rights Attorney's Fees Awards Act (42 U.S.C.S. Sect. 1988) and that judicial immunity is not a bar. However, there is no comparable statute in Virginia. Allowable fees are the filing and service fees.

Finally, Judge Elliott should not be required to recuse himself in future cases in which Great Atlantic is plaintiff. As was stated in *Taylor v. Taylor*, 185 Va. 126 (1946), "In order to disqualify, the interest of the judge must be in the subject matter of the case, and not merely in the legal question involved in it." *Also see Ewing v. Haas*, 132 Va. 215 (1922). Judge Elliott had a firm conviction of the legal correctness of his position, but it has not been alleged or proved that he had any interest in the subject matter of the dispute.