Present:  Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Compton, S.J.

PAUL D. JEFFERSON                          OPINION BY
                              SENIOR JUSTICE A. CHRISTIAN COMPTON
    v.  Record No. 040254          January 14, 2005

COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA


    In this appeal in a criminal matter, the question is whether the Court of Appeals of Virginia erred in affirming a circuit court's judgment that revoked a suspended sentence when the sentencing order was entered at the revocation hearing nunc pro tunc as of the date of the original sentencing hearing.  Finding no error, we will affirm the Court of Appeals' judgment.

    The pertinent facts are undisputed.  On January 5, 1999, defendant Paul D. Jefferson was convicted during a bench trial in the Circuit Court of the City of Colonial Heights of grand larceny.  At trial, defendant pled guilty to the charge, and the court determined the evidence was sufficient to find him guilty.  The court withheld sentencing pending receipt of a presentence report.

    On March 18, 1999, the court considered the presentence report and orally pronounced from the bench a sentence of incarceration for a term of 20 years, with 19 years, six months suspended upon certain conditions, including supervised

probation. Although a written order memorializing that action was prepared, it was not signed or entered by the court at the time.

Apparently, defendant served time in prison and commenced his supervised probation. In February 2002, his probation officer notified the Colonial Heights Commonwealth's Attorney that defendant recently had been convicted in the Circuit Court of Dinwiddie County of obtaining money by false pretenses. This notice resulted in the revocation proceeding from which this appeal arises.

On September 5, 2002, a revocation hearing was conducted by the same judge who presided over defendant's criminal trial. During the hearing, the judge realized he had not signed the draft of the sentencing order that was lodged in the court file. Then, as suggested by the prosecutor, the court signed and entered the order nunc pro tunc March 18, 1999.

During the revocation hearing, defendant's attorney did not dispute that the nunc pro tunc order accurately set forth the proceedings as they occurred at the sentencing hearing on March 18, 1999. Rather, counsel argued that it was improper to revoke probation for violation of a sentencing order that had not been entered at the time of the misconduct giving rise to the revocation proceeding.

The court overruled defendant's objection after offering defendant a continuance, which was declined. The hearing proceeded, and the court revoked the probation, resuspended some of the sentence, and imposed one year for the defendant to serve. From that judgment, the defendant appealed.

Upon review, a divided panel of the Court of Appeals affirmed the circuit court's judgment in an unpublished memorandum opinion. Jefferson v. Commonwealth, Record No. 2301-02-2 (January 13, 2004). We awarded defendant this appeal.

On appeal, the defendant contends he erroneously "was found in violation of a sentencing order never signed or entered" before the date of the revocation hearing. He asserts that the terms of his suspended sentence had not been set at the time of the alleged misconduct, and that his suspended sentence was revoked "through a process that circumvented the necessary issuance of a written sentencing order."

Also, defendant now argues that "there is inadequate proof in the record to establish the sentencing and terms of the sentence." "Thus," he says, "there is inadequate proof that the sentencing order was properly entered nunc pro tunc."

We disagree with defendant's contentions. Initially, defendant will not now be heard to attack the correctness of

3

the nunc pro tunc sentencing order and to argue that it did not accurately set forth the proceedings as they occurred at the sentencing hearing on March 18, 1999. He is procedurally barred from making the argument on appeal because it was not asserted in the circuit court. Rule 5:25; Rule 5A:18.

There being no cognizable dispute about the substantive accuracy of the nunc pro tunc order, the only question remaining is whether probation may be revoked based upon the provisions of such an order. We answer that query in the affirmative.

Preliminarily, we focus on the events of the sentencing hearing of March 18, 1999. The rendition of a judgment must be distinguished from its entry on the court records. The rendition of a judgment duly pronounced is the judicial act of the court, and the entry or recording of the instrument memorializing the judgment "does not constitute an integral part of, and should not be confused with, the judgment itself." Rollins v. Bazile, 205 Va. 613, 617, 139 S.E.2d 114, 117 (1964). The absence of the judge's signature "does not invalidate the judgment rendered." Id. at 617-18, 139 S.E.2d at 118. Therefore, contrary to defendant's implicit contention, the judgment of conviction sentencing the defendant, pronounced on March 18, 1999, was a valid judicial act without the judge's signature on the draft order.

Parenthetically, we point out that the Rollins principle does not affect the rule that:  "A court speaks only through its orders."  Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).  Accord Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996).  The foregoing statement deals with evidence of judicial action, that is, a declaration of historical fact.  The statement, however, does not purport to govern the substantive validity of the judicial act.  In the present case, the evidence of the written order entered at the September 5, 2002 revocation hearing (the court speaking through its order) shows substantively that the valid judicial act of sentencing was performed at the March 18, 1999 hearing.

Next, we focus on the events during the revocation hearing of September 5, 2002.  A court has power to make an entry nunc pro tunc, in the exercise of its discretion, to correct the court's records so that they speak the truth. Council v. Commonwealth, 198 Va. 288, 293, 94 S.E.2d 245, 248 (1956).  Accord Netzer v. Reynolds, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986); Harris v. Commonwealth, 222 Va. 205, 209, 279 S.E.2d 395, 398 (1981); Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979).  See Code § 8.01-428(B) (clerical mistakes and errors arising from oversight may be corrected in all judgments by the court at any time upon certain conditions).

In making such an entry, the court's power is restricted to placing upon the record evidence of judicial action that actually has been taken. "[T]he amendment or nunc pro tunc entry should not be made to supply an error of the court or to show what the court should have done as distinguished from what actually occurred." Council, 198 Va. at 292, 94 S.E.2d at 248.

In this case, because there is no issue that the record entry speaks the truth about what transpired at the sentencing hearing, the circuit court did not err in its action during the revocation hearing in entering the order nunc pro tunc and in making it the basis for revoking the defendant's suspended sentence.

Consequently, the judgment of the Court of Appeals will be

Affirmed.