# Richmond.

## COMMONWEALTH v. LATHAM, JUDGE.

### January 10th, 1889.

1. COURTS—*Jurisdiction—Injunction—Judgments for the Commonwealth.*— Circuit court of Richmond city alone hath jurisdiction to enjoin or affect any judgment in behalf of the Commonwealth. Code 1873, ch. 165, § 1.
2. PROHIBITION—*Judge's term ended.*—Writ of prohibition will issue where suit remains in court against Commonwealth contrary to law, although the term of the judge against whom the writ is asked, expires before the writ issues.
3. COURT OF APPEALS.—Where an inferior court is proceeding in excess of its jurisdiction, this court has jurisdiction, under the constitution, to issue a writ of prohibition.

Petition of the Commonwealth for a writ of prohibition against the corporation court of Lynchburg entertaining a suit to enjoin the enforcement of its judgment for costs against one Edgar G. Jones. Opinion states the case.

*Attorney-General R. A. Ayers,* for petitioner.

*Maury & Maury,* for respondent.

LACY, J., delivered the opinion of the court.

This is a petition on the part of the Commonwealth, invoking the original jurisdiction of this court in prohibition. In the case of *Com'th* v. *Jones,* the judgment of the corporation court of Lynchburg was reversed by this court, and costs awarded the Commonwealth in the sum of $25.92, expended in the prosecu-

tion of her appeal. The judgment was certified to the corporation court, and execution issued in favor of the Commonwealth against said Jones, and placed in the hands of the sergeant, who was proceeding by levy to make the money, when a chancery suit was instituted in the corporation court of Lynchburg against the Commonwealth, enjoining the said sergeant from levying for this debt, upon certain allegations not necessary to be stated, as the sole question here is whether the said corporation court of Lynchburg had jurisdiction to entertain and try the case upon any grounds whatever; for, if the said court hath jurisdiction of the suit, any error committed therein is corrected by appeal, and prohibition will not lie. But if the said court hath not jurisdiction of the case upon any grounds, then the writ prayed for must issue, for that writ issueth out of a superior court to restrain and prohibit the inferior court from proceeding in some matter in excess of its jurisdiction. The Code of Virginia (1873, c. 165, § 1, cl: 4) provides that if the suit be one in which it shall be attempted to enjoin, or otherwise suspend or affect, any judgment or decree on behalf of the Commonwealth, or any execution issued on said judgment or decree, the action or suit shall be brought in the circuit court of the city of Richmond.

This is a suit to enjoin an execution issued under a judgment in favor of the Commonwealth, and the circuit court of Richmond city is by law the sole tribunal authorized to try or entertain it. No such suit can be maintained against the Commonwealth in the corporation court of Lynchburg. It follows that when Charles P. Latham, as the judge of that court, undertook to render a decree in the cause, that he was proceeding in excess of his jurisdiction, and in the plainest violation of the laws of this Commonwealth. But it is argued that he is now out of office, his successor having been elected and qualified. Nevertheless, the suit remains in that court against the Commonwealth in violation of law, and the same must be prohibited, and there is nothing in this record to show any

change in the *personnel* of the judge, and that is immaterial. The writ directed in accordance with the pleadings here will effectually operate the remedy and maintain the violated law. It is further argued that no motion was made in that court raising the question of want of jurisdiction. I do not so understand the record, which shows that a motion was made to transfer the cause to the circuit court of Richmond city, which was overruled. There could have been no other grounds for this motion than that the law had clothed that tribunal alone with the power to try this case, which was denied to the corporation court of Lynchburg. Whatever views may be taken of this, however, it cannot be necessary in this State to make any such motion. The constitution clothes this court with original jurisdiction in cases of prohibition, and the writ may be asked for here in any case, when any inferior tribunal is proceeding in excess of its jurisdiction, either in the institution of any suit, or in any matter arising therein in the progress of any cause. We are of opinion that no preliminary motion in that court was necessary, and that the said Charles P. Latham, judge of the said court, was proceeding in excess of his jurisdiction in entertaining the suit, and proceeding to decree therein, and that the writ of prohibition must issue as prayed for.

HINTON, J., dissented.

LEWIS, P., dissenting, said :

I dissent from the opinion of the court in this case on two grounds. The first is that, even if it were conceded that the court below was without jurisdiction, the case is prematurely here. No question as to the jurisdiction was raised in that court, and consequently no case is now made for issuing the writ prayed for. At common law, to authorize a prohibition to an inferior court, it was not only necessary that a formal plea to the jurisdiction should have been tendered in that court, but it

must have been tendered before imparlance. And the common law rule, says High, is generally· applicable in this country, though not, I apprehend, in all its ancient strictness. At all events, it is well settled that where there has been no effort made to obtain relief in the court which it is sought to prohibit, the superior courts will refuse to exercise their jurisdiction by this extraordinary remedy. "For example," says the same author, "where an injunction has been obtained in direct violation of a statute, and without any jurisdiction on the part of the court (which is exactly the contention in this case), prohibition will not be granted to prevent the court from proceeding with the injunction suit, where no application has been made to dissolve the injunction." High, Extr. Rem., section 773, and cases cited. And the obvious reason is, that prohibition is an extraordinary remedy, and therefore to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. Id., section 770.

Nor is the rule in the remotest degree affected by the provision of the constitution of this State, which simply declares that this court "shall have appellate jurisdiction only, except in cases of *habeas corpus, mandamus* and prohibition." That is all; and how these words can be construed as changing the rule above-mentioned, is more than I am able to comprehend.

Now, in the present case, not only was there no plea to the jurisdiction of the court below, but nothing appears in the record to show that the jurisdiction was objected to in any manner. Nor was there any motion to dissolve the injunction which was awarded upon the filing of the bill. The record, it is true, recites that on a certain day the defendant "moved the court to remove this cause to the circuit court of the city of Richmond, to be therein finally heard and determined, which motion the court overruled." But this motion, so far from challenging the jurisdiction of the court to entertain the suit, implies the contrary; for it is not based upon the ground that the court had no jurisdiction to entertain the suit originally, and therefore

that the proceedings were *void ab initio,* as they clearly were if the theory of the majority be correct, but the application was that the suit, as a pending, valid one, be removed to another court, to be there finally heard and determined, without assigning any reason for the application whatever.

This, I take it, can no more be properly treated as a substitute for a formal plea to the jurisdiction than the motion of a citizen of another State, who is sued in one of our courts, to remove the cause to the circuit court of the United States for trial under the provisions of the act of Congress, can be considered as a plea to or denial of the original jurisdiction of the State court.

But my second proposition is, that the court below *had jurisdiction* of the case, and that the circuit court of the city of Richmond had not, because the parties resided in Lynchburg, and the cause of action arose there. The Commonwealth, albeit her livery is sought to be worn by those who would deprive the complainant of his constitutional rights, has. no interest in the matter. The tender of the coupons (which upon this record are admitted to be genuine) in payment of the execution, was equivalent to actual payment thereof, so far as the purposes of this case are concerned, and, if there was payment or its equivalent, then there was no longer any execution to levy and none to enjoin. Hence the statute relating to the jurisdiction of the circuit court of the city of Richmond has no application. Upon payment, the interest of the Commonwealth in the matter ceased, and consequently the subsequent threatened levy was a threatened trespass, which the court below rightly enjoined. After the tender was made and refused, the officer to whom the execution was directed had no right to proceed further. He no longer represented the State, and had no interest of the State to protect, but became a wrongdoer, pure and simple. This I say, because it is in accord with a solemn decision of the supreme court of the United States, rendered upon a similar question, and by which decision I consider myself bound in this case.

In *Poindexter* v. *Greenhow*, 114 United States, 270, it was decided that it was the duty of the officer to receive the coupons tendered in that case by the tax-payer, and that his refusal to do so was an open breach of the contract of the State with the tax-payer by whom they were tendered. The tender, said the court (at page 299 of the report), "was *equivalent to payment,* so far as concerns the legality of all subsequent steps by the collector to enforce payment by distraint of his property. He has the right to say he will not pay the amount a second time, even for the privilege of recovering it back. And if he chooses to stand upon a lawful payment once made, he asks no remedy to recover back taxes illegally collected, but may resist the execution, and treat as a wrongdoer the officer who seizes his property to enforce it."

That decision remains unreversed and in full force to day, and the language of the court above quoted is as applicable to this case as to that. The coupons tendered in this case were issued, as were the coupons tendered in that case, under the funding bill of 1871, and all bear upon their face the contract of the State to receive them " for all taxes, debts and demands due the State." And I need hardly say that a judgment for costs is as much a debt as a demand for taxes.

Nor is it for me to say whether a decision of the supreme court upon a Federal question properly before it is right or wrong. It is sufficient for me that it has been rendered. And I will only add that the sooner it comes to be universally recognized that the Constitution of the United States is, as it purports to be, "*the supreme law of the land,*" and the authoritative decisions of the supreme court interpreting that instrument are respected as such, the better, in my opinion, it will be for the peace, prosperity and happiness of the whole nation. I think the petition should be dismissed.

WRIT OF PROHIBITION ALLOWED.