## Richmond

CITY OF NORFOLK v. EDWARD L. OAST, JUDGE OF THE
CIRCUIT COURT OF NORFOLK COUNTY.

April 28, 1949.

*Williams, Cocke & Tunstall,* for the petitioner.

*James G. Martin, James N. Garrett, Major M. Hillard,
A. O. Lynch, W. R. Ashburn, Paul W. Ackiss,* and *Richard
B. Kellam,* amici curiae.

This day came again the parties, by counsel, and the court, having maturely considered the petition of the petitioner, the briefs of *amici curiae* and arguments of counsel, is of opinion that the said respondent has jurisdiction to hear and determine the motions to dismiss the petition of the City of Norfolk. It appears from the said petition that it is sought to annex territory from Norfolk county and territory from Princess Anne county in the same proceeding. Code, section 2958, requires that the court appointed to hear the case shall be composed of three judges, one of whom shall be the judge of the Circuit Court of the city of Norfolk, one of whom shall be judge of a circuit remote from the territory sought to be annexed, and one of whom shall be the judge of the circuit court of the county in which the territory sought to be annexed lies. Since part of the territory sought to be annexed lies in Norfolk county and part in Princess Anne county, and since neither the judge of the Circuit Court of Norfolk county nor the judge of the Circuit Court of the city of Norfolk is the same person as the judge of the Circuit Court of Princess Anne county, it is

impossible to appoint a three-judge court, within the limitation prescribed by the statute, to decide any issue raised upon the present petition for annexation filed by the City of Norfolk.

It is therefore considered that the said petition for a writ of prohibition be dismissed and that the respondent recover of the petitioner his costs by him expended about his defense herein.

HUDGINS, C. J., and EGGLESTON, J., dissenting.

The City of Norfolk, by ordinance duly adopted on the 23rd day of February, 1949, declared its desire to annex certain territory lying in the counties of Norfolk and Princess Anne, Virginia, accurately described by metes and bounds. The city caused notice to be duly served upon the Commonwealth's attorneys and the several members of the boards of supervisors of the two counties, and published the notice required that it would on Wednesday, March 30, 1949, move the Circuit Court of Norfolk county, Virginia, or the judges who should hear the case, to make an order extending the corporate limits of the city so as to include the territory described in the ordinance. It was alleged that the greater part of the territory to be annexed was situated in Norfolk county and hence the motion was made returnable to the circuit court of that county.

The Commonwealth's attorneys and the boards of supervisors of Norfolk and Princess Anne counties, on the return day of the notice, appeared specially and moved that the proceedings be dismissed upon the ground, among others "that the counties are in different judicial circuits and do not have the same judge and the law does not permit such ordinance, nor proceedings, nor provide for any judge, nor court to sit in such circumstances and there is no jurisdiction." The judge of the Circuit Court of Norfolk county overruled the objections of the City of Norfolk to the filing of the motion and set the same for hearing on April 15, intimating that he, as the judge of the Circuit Court of Norfolk county, would hear and determine the issues raised.

Thereafter the City of Norfolk filed in this court its petition for a writ of prohibition alleging that the judge of the Circuit Court of Norfolk county was without jurisdiction to pass upon the issues raised and praying that a peremptory writ be granted prohibiting and restraining him from proceeding. After a copy of the petition was served upon the judge of the Circuit Court of Norfolk county he refrained from taking any other action in the proceedings until the matter could be determined by this court.

The issues raised by the petition for the writ of prohibition and the answers filed by numerous parties as *amici curiae* were submitted to the court on oral argument and written briefs, on consideration of which five members of the court reached the conclusion that the writ of prohibition should be denied for the reasons stated in the following order entered by them:

"This day came again the parties, by counsel, and the court having maturely considered the petition of the petitioner, the briefs of *amici curiae* and arguments of counsel, is of opinion that the said respondent has jurisdiction to hear and determine the motions to dismiss the petition of the City of Norfolk. It appears from the said petition that it is sought to annex territory from Norfolk county and territory from Princess Anne county in the same proceeding. Code, section 2958, requires that the court appointed to hear the case shall be composed of three judges, one of whom shall be the judge of the Circuit Court of the city of Norfolk, one of whom shall be judge of a circuit remote from the territory sought to be annexed, and one of whom shall be the judge of the circuit court of the county in which the territory sought to be annexed lies. Since part of the territory sought to be annexed lies in Norfolk county and part in Princess Anne county, and since neither the judge of the Circuit Court of Norfolk county nor the judge of the Circuit Court of the city of Norfolk is the same person as the judge of the Circuit Court of Princess Anne county, it is impossible to appoint a three-judge court, within the.

limitation prescribed by the statute, to decide any issue raised upon the present petition for annexation filed by the City of Norfolk.

"It is therefore considered that the said petition for a writ of prohibition be dismissed and that the respondent recover of the petitioner his costs by him expended about his defense herein."

We are not in accord with the views expressed in the order for the following reasons:

Section 126 of the Constitution of Virginia requires the General Assembly by general law to provide for the extension and contraction of corporate limits of cities and towns. Pursuant to this mandate a comprehensive statute, containing twelve sections, was adopted by the Acts of 1904, Chapter 99.

Subsection 1 of this statute prescribed the necessary allegations which should be set forth in the ordinance which expressed the desire of the city to annex additional territory. Subsection 2 stated in what court the proceedings should be heard and determined. This was and is the venue provision of the comprehensive statute, the pertinent part of which was as follows:

> "The city or town shall give notice to the Commonwealth's attorney and the Board of Supervisors of the county or counties wherein such territory lies, that it will on a given day, not less than thirty days thereafter, move the circuit court of the county wherein the greater part of such territory lies, or the judge who may be designated to hear the case, to make an order authorizing and declaring the annexation provided for in said ordinance.  * * *."

Subsection 3 provides that "the court, without a jury shall be held and presided over by the judge of some circuit of this State other than the circuit in which either the city desiring the territory to be annexed or said territory to be annexed lies and remote therefrom, said judges to be desig-

nated by the governor of this State and the court or such judges in vacation shall hear the case upon evidence introduced in common-law cases," etc. Under these provisions of the statute a number of annexation cases wherein the city desired to annex territory lying in two or more counties were heard in one proceeding and before one annexation court. Some of these cases reached the Supreme Court of Appeals and some did not. See *Henrico County* v. *Richmond*, 106 Va. 282, 55 S. E. 683, 117 Am. St. Rep. 1001.

The statute, without substantial change, was codified by the Code Revisors of 1919 as sections 2956, 2957, 2958, etc. The General Assembly in 1924 (Acts 1924, p. 663), amended and re-enacted sections 2956, 2957 and 2958. The only pertinent amendment to section 2957—the venue section—was the addition of the letter "s" to the word "judge," making the pertinent part read "the circuit court of the county wherein the greater part of such territory lies, or the *judges* who shall hear the case * * *."

This change was necessary in view of the amendment to section 2958 providing for the formation of a three-judge court to hear annexation proceedings. This amendment was as follows:

> "The court, without a jury, shall be held and presided over by three judges as follows: the judge of the circuit court of the county in which the territory sought to be annexed lies, the judge of the circuit court of the city to which the territory is to be annexed and a judge of some circuit in this State remote from the territory to be annexed, to be designated by the governor."

If these amendments to the two sections were intended to compel a city or town to institute separate proceedings when such city or town desired to annex territory lying in two or more counties, it seems strange that appropriate language so limiting the meaning of section 2957 was not used. The venue and the jurisdiction of the court was

and is fixed by section 2957 and remains unchanged. The amendment to section 2958 affects only the composition of the court. The section, as amended, does not limit or restrict the jurisdiction of the court after its formation to hear and determine any annexation proceedings instituted and pending in accord with the provisions of section 2957.

The governor, who was originally named as the officer to make the designations of the annexation court, was not clothed with authority to pass upon the validity of any ordinance adopted by the city or town before he acted on the request to designate the members of the court. The act of the governor in making these designations prior to 1940 was an administrative act. It still is an administrative act, although the Chief Justice, or a committee appointed by him, is now authorized to make the designations.

An annexation proceeding is properly begun in the county, whether the territory sought to be annexed lies in one or more counties, if the required notice is served and made returnable to the circuit court of the county wherein the greater part of the territory lies. All the Chief Justice, or a committee appointed by him, does is to designate a three-judge court to preside in the circuit court of the county wherein the proceeding is pending. He is not required to ascertain whether the territory desired to be annexed lies in one or more counties before making the designation.

The question whether a city may in one proceeding take the necessary steps to annex territory lying in two or more counties may have been doubtful prior to the decision in *Henrico County* v. *Richmond,* 177 Va. 754, 15 S. E. (2d) 309. The precise issue was raised in that case, and, speaking to the issue, we said:

> "We think the majority opinion of the lower court correctly held that under the above statutory provisions the city had the right or the option to proceed for the annexation of territory in both counties at the same time and in a single proceeding, but that it was not compelled to do so."

The counties referred to in the above quotation were Chesterfield, which lies in the Fourth Judicial Circuit, and Henrico, which lies in the Tenth Judicial Circuit. The same situation confronted the City of Norfolk when it desired to annex territory lying in Princess Anne county, which is in one circuit, and territory lying in Norfolk county, which is in another circuit. The language used in deciding that the city might institute one proceeding affecting territory lying in two counties is clear in its meaning and leaves no room for quibbling.

The attorneys who were employed to represent the City of Norfolk in the annexation proceedings were familiar with the history and development of both sections 2957 and 2958. They relied upon, and had a right to rely upon, the language of this court in construing the provisions of the two sections. We have decided by unanimous court, and we think correctly, that the amendments changing the composition of the court under the provisions of section 2958 do not change the venue of such proceedings and that the amendments do not limit or restrict the provisions of section 2957. To hold, as it is held by the majority, that the city of Norfolk cannot proceed under its present ordinance to annex territory lying both in Princess Anne and Norfolk counties in a single proceeding is a limitation, by implication, upon the provisions of section 2957 and overrules the decision in *Henrico County* v. *Richmond, supra*.

Since we are of opinion that a court may be constituted under the statute to hear the proceeding instituted by the city of Norfolk for the annexation of territory lying both in the county of Norfolk and the county of Princess Anne, and that such court so constituted is the proper tribunal to pass upon the motion to dismiss such proceeding, it follows that we are of like opinion that Honorable Edward L. Oast, the Judge of the Circuit Court of Norfolk county is without jurisdiction to pass upon said motion, and that therefore the writ of prohibition should be granted.