## Richmond

W. STIRLING KING v. EDMUND W. HENING, JR., GUS EDWARD MITCHELL, JR., AND JOHN D. BUTZNER, JR., JUDGES, ETC.;

AND

WILLIAM OLD, VINCENT L. SEXTON, JR., AND ELLIOTT MARSHALL, JUDGES, ETC.

June 11, 1962.

Record No. 5469.

Present, All the Justices.

*Thomas P. Bryan (William H. King; McGuire, Eggleston, Bocock & Woods,* on brief), for the petitioner.

*Amici curiae:*

*J. Elliott Drinard, City Attorney (David J. Mays; John S. Davenport, III,* on brief), for the city of Richmond.

*John H. Thornton, Jr. (Ernest P. Gates, Commonwealth's Attorney; Woods, Rogers, Muse & Walker,* on brief), for the county of Chesterfield.

*James N. Garrett* and *Robert C. Fitzgerald (H. Ratcliffe Turner, Commonwealth's Attorney; William F. Parkerson, Jr.,* on brief), for the county of Henrico.

I'ANSON, J., delivered the opinion of the court.

This is an original proceeding for a writ of prohibition filed by the petitioner, W. Stirling King, a resident of and freeholder in the city of Richmond, to prohibit the respondents, the Honorable Edmund W. Hening, Jr., Judge of the Circuit Court of Henrico County, and the Honorable Gus Edward Mitchell, Jr., and the Honorable John D. Butzner, Jr., the additional judges designated to hear and determine the annexation proceedings of the *City of Richmond* v. *County of Henrico,* pending in the circuit court of said county, and the Honorable William Old, Judge of the Circuit Court of Chesterfield County, and the Honorable Vincent L. Sexton, Jr., and the Honorable Elliott Marshall, the additional judges designated to hear and determine the annexation proceedings of the *City of Richmond* v. *Chesterfield County,* pending in the circuit court of said county, from assuming or asserting jurisdiction in the proceedings pending in the two annexation courts, and praying that mandamus issue as a supplement to the writ of prohibition directing dismissal of both of the annexation proceedings for want of jurisdiction.

The petition alleges that the city of Richmond has instituted and

is prosecuting two separate annexation proceedings, one against Henrico county, which was filed on December 27, 1961, and the other against Chesterfield county, filed on January 2, 1962; that on December 26, 1961, the council of the city adopted two separate ordinances, one for the annexation of territory lying in Henrico county and the other for the annexation of territory lying in Chesterfield county; that both ordinances became effective the following day, and they show on their face that the city adopted a single plan for annexation of territory lying in the two counties; that § 15-152.7(b)[1], Code of 1950, as amended, requires a city seeking to annex territory lying in two or more counties to make all such counties parties defendant to the suit, and the petition to be addressed to the circuit court of the county in which the larger part of the territory is located; that the area sought to be annexed in Henrico county is larger than the area sought to be annexed in Chesterfield county, and the city is authorized to proceed with only one annexation suit in the Circuit Court of Henrico County against both counties; and that neither the Circuit Court of Henrico County nor the Circuit Court of Chesterfield County has jurisdiction to hear and determine the pending suits.

*Amici curiae* briefs were filed on behalf of the city and the two counties, and oral arguments of counsel were heard.

The city of Richmond and Chesterfield county say that the city had the option of proceeding against the two counties in a single annexation suit in the Circuit Court of Henrico County, but it was not required by the provisions of § 15-152.7(b), *supra,* to proceed against both Henrico and Chesterfield counties in a single suit in the Circuit Court of Henrico County because the two suits were instituted under two separate and unrelated ordinances; that the two circuit courts as constituted have jurisdiction to hear and determine the pending suits; and that the prayer for the issuance of a writ of prohibition should be denied. But they agree with the petitioner that the jurisdictional question raised should be decided by this Court in this proceeding.

On the other hand, Henrico county says that, assuming the petitioner King to be correct in his position that the city has proceeded

---

[1] "§ 15-152.7. * * *

"(b) When the territory sought by a city or town lies in two or more counties, all such counties shall be made parties defendant to the case. The motion or petition shall be addressed to the circuit court of the county in which the larger part of the territory is located. The provisions of this article shall apply, mutatis mutandis, to any such proceedings. (1952, c. 328.)"

in error in filing separate annexation suits, this Court should not entertain his petition because he has an adequate remedy before the two duly constituted annexation courts where the jurisdictional question must first be raised and determined before he can apply to this Court.

Prohibition is an extraordinary remedy issued by a superior court to prevent an inferior court from exercising jurisdiction over matters not within its cognizance where damage or injustice is likely to follow from such action. It is not issued as a matter of right, but only in the exercise of sound judicial discretion according to the circumstances of each particular case. It should never be allowed to assume the functions of a writ of error. *Board of Supervisors* v. *Bazile*, 195 Va. 739, 747, 80 S. E. 2d 566, 572; *Supervisors of Bedford* v. *Wingfield*, 68 Va. (27 Gratt.) 329, 333, 334; *County School Board* v. *Snead*, 198 Va. 100, 103, 104, 92 S. E. 2d 497, 501.

As a general rule a writ of prohibition will not be issued to an inferior court unless a plea to the jurisdiction has been filed in the court whose proceeding it seeks to arrest, but the rule is not without qualifications and exceptions. A majority of the courts have held that the rule is not rigid or arbitrary in its application, but is to be applied in the discretion of the superior court on the principle that the matter of judicial courtesy to a lower court should yield to substantial rights of litigants, particularly where the case involves matters of public interest and convenience. *State ex rel. O'Connor* v. *District Ct.*, 219 Iowa 1165, 260 N. W. 73, 79, 99 A. L. R. 967; *Public Service Commission* v. *Eighth Judicial Dist. Ct.*, 61 Nev. 245, 123 P. 2d 237, 240; *Schofield* v. *Melton*, 166 Okla. 64, 25 P. 2d 279, 282; *People* v. *District Ct.*, 29 Colo. 182, 68 P. 242; 42 Am. Jur., Prohibition, §§ 38, 39, pp. 172, 173; 73 C. J. S., Prohibition, § 20(a), (b), pp. 95-99; Annotation 35 A. L. R. 1090-1096.

The decisions of this Court have recognized that there are exceptions to the general rule. In *Commonwealth* v. *Latham*, 85 Va. 632, 634, 8 S.E. 488, 489, a writ of prohibition was granted, although there was a strong dissenting opinion, without first pleading to the jurisdiction of the trial court where the court was proceeding in excess of its jurisdiction.

In *Board of Supervisors* v. *Bazile, supra*, 195 Va. at p. 747, 80 S. E. 2d at p. 572, we found it unnecessary to decide the question of whether a formal plea to the jurisdiction of the lower court must be filed as a prerequisite to the right to apply to this Court for a writ of prohibition, but we said that while it is the better practice, the majority of the courts hold that it is not always essential.

■ If the petitioner is correct in his claim that the two circuit courts as constituted lack jurisdiction to hear and determine the annexation suits pending in their respective courts, it is of paramount importance to the city and the two counties involved that this question be determined before protracted and expensive hearings are had on the merits. It must be remembered that a jurisdictional question may be raised at any stage of a proceeding, and even for the first time on an appeal to this Court. It would be a vain thing for the city to proceed with one or both of its cases on the merits, with the question of the jurisdiction of the courts remaining unresolved, and later, upon the question being raised, find that it was all for naught because the circuit courts lacked jurisdiction. The question presented not only affects the rights of the petitioner but also involves the interest of all of the residents and taxpayers of the city of Richmond and the counties of Henrico and Chesterfield.

It is true that the petitioner may intervene as a party to the pending proceedings in the courts below and file pleas to their jurisdiction, and in the event of an adverse judgment apply for an appeal to this Court, but he is not required to do so. Under the circumstances here presented his remedy in the court below would be inadequate. The public interest requires a speedy determination of the jurisdictional issue and this Court is the only tribunal that can say to both circuit courts at the same time whether they have, or lack, jurisdiction. Hence, we will entertain jurisdiction of the petition and answer the question presented.

■ The following question is presented: Is the city of Richmond required to proceed in one annexation suit in the Circuit Court of Henrico County against both Henrico and Chesterfield counties, or may it proceed in separate annexation suits against the counties of Henrico and Chesterfield?

The right of a city or town to institute an annexation proceeding emanates from the language of Code § 15-152.3, Code of Virginia, as amended, the pertinent part of which provides that:

"The council of any city or town may by an ordinance * * * petition the circuit court of the county in which any territory adjacent to such city or town lies, for annexation of such territory. * * *"

Section 15-152.5[2], Code of 1950, as amended, provides the pro-

---

[2] "§ *15-152.5 Notice of motion; service and publication; docketing.*—In any annexation proceedings instituted by it the city or town shall give notice to the Commonwealth's Attorney and to each member of the governing body of *the*

cedure for the institution of an annexation suit against *one* county and fixes jurisdiction and venue.

Section 15-152.7(b), *supra*, provides the procedure for instituting a suit to annex territory lying in *two or more* counties, and fixes jurisdiction and venue.

Prior to the enactment of §§ 15-152.5 and 15-152.7(b) in 1952, the essential jurisdictional and venue provisions in the annexation statutes were found in § 2957[3], Michie's Code of 1942.

In *County of Henrico* v. *City of Richmond*, 177 Va. 754, 15 S. E. 2d 309 (1941), where the same jurisdictional question was raised as in the present case, we construed § 2957, *supra*, and § 2956[4], Michie's Code of 1942. There we said (177 Va. at pp. 770, 771, 15 S. E. 2d at p. 313) that the city had the right or option under the provisions of the above statutes to proceed for annexation of territory lying in the two counties at the same time and in a single proceeding, but it was not compelled to do so; and that the language of the statutes did not require a city seeking to annex territory lying in two counties to proceed jointly against such counties.

The petitioner concedes that §§ 15-152.5 and 15-152.7(b) are but a recodification, into separate sections, of the former § 2957, which permitted the city to proceed by separate suits against different counties. Hence all jurisdiction and venue extant in § 2957 continued in force and effect after the division of the statute. See "Report of the Commission to Study Urban Growth," House Document No. 13, dated October 13, 1951, at pp. 7 and 10.

---

*county* wherein such territory lies that it will, on a given day, not less than thirty days thereafter, move the circuit court of the county wherein such territory lies, or the judges designated to hear the case, to grant the annexation requested in the ordinance, with which notice shall be served a certified copy of the ordinance. A copy of the notice and ordinance or an informative summary thereof shall be published at least once a week for four successive weeks in some newspaper published in such city or town, and when there is no newspaper published therein, then in a newspaper having general circulation in the county whose territory is affected. The notice and ordinance shall be returned after service to the clerk of the circuit court and when the publication is completed, of which the certificate of the owner, editor or manager of the newspaper publishing it shall be proof, the case shall be docketed for hearing. * * *" (Emphasis added.)

[3] "In any annexation proceeding instituted the city or town shall give notice to the Commonwealth's attorney and the board of supervisors of the county or counties wherein such territory lies, that it will, on a given day, not less than thirty days thereafter, move the circuit court of the county wherein the greater part of such territory lies, or the judges who shall hear the case, to make an order authorizing and declaring the annexation provided for in the said ordinance, with which notice shall be served a certified copy of such ordinance. * * *"

[4] The pertinent part of which is now § 15-152.3, Code of 1950, as amended, *supra*.

However, the petitioner argues that by separating the jurisdictional and venue provisions of former § 2957, the right and option of separate proceedings found to exist in *County of Henrico* v. *City of Richmond, supra,* was nullified because neither jurisdiction nor venue was created for separate proceedings against two or more counties. There is no merit in this argument.

Section 15-152.3, *supra,* provides for the adoption of an ordinance by the council of a city or town as the first step for the annexation of territory lying in a county adjacent to such city or town, and there is no language in this section which even suggests that separate ordinances may not be adopted by the council for the acquisition of territory lying in two or more counties.

The only limitation upon a city or town instituting a suit under § 15-152.5, *supra,* is that the suit must be prosecuted against only *one* county in the circuit court of the county where the territory sought to be annexed lies. There is nothing in the language of this section which prohibits a city or town from proceeding in separate suits against different counties.

Under the provisions of § 15-152.7(b), when a city or town adopts a single ordinance for the annexation of territory lying in two counties it shall proceed against the counties in a single suit filed in the circuit court of the county in which the larger part of the territory sought is located. Cf. *City of Norfolk* v. *Oast,* 189 Va. 501, 502, 53 S. E. 2d 137, 138 (1949). There is nothing in the language of this section, when considered along with that of §§ 15-152.3 and 15-152.5 and our holding in *County of Henrico* v. *City of Richmond, supra,* which precludes the council of a city or town from enacting one ordinance for annexation of territory lying in one county and another ordinance for the annexation of territory lying in another county and bringing separate suits, pursuant to § 15-152.5, in the circuit courts of the counties where the territory sought lies.

The exhibits filed with the petition show that the council of the city of Richmond adopted two separate ordinances for the annexation of territory lying in two different counties. Although they were adopted by council and became effective on the same day, each ordinance stands on its own allegations and they have no relation to each other. The action of council does not indicate an intent to adopt a single plan for annexation of territory lying in two counties and the institution of one suit against both counties. On the contrary it indicates two separate plans of annexation, which were carried out under the authority of each ordinance by first instituting the suit against

Henrico county on December 27, 1961, and nearly a week later filing suit against Chesterfield county.

It is apparent from the adoption of the two separate ordinances the council found it impracticable to proceed against both Henrico and Chesterfield counties in a single suit. When this condition exists the city may proceed at its option by adopting two separate ordinances and instituting two separate suits. We said in *County of Henrico* v. *City of Richmond, supra,* 177 Va. at p. 771, 15 S. E. 2d at p. 313, that "the conditions with respect to the acquisition of territory in the two counties may be such as to render it impracticable to proceed against them jointly."

The city having proceeded against Henrico county under the authority of the ordinance adopted by its council and pursuant to § 15-152.5, the Circuit Court of Henrico County acquired jurisdiction which was not ousted by the later filing, pursuant to § 15-152.5, of the city's suit against Chesterfield county in the circuit court of that county, and conversely the pending suit in Henrico county does not affect the jurisdiction of the Circuit Court of Chesterfield County to hear and determine the suit pending there.

For the reasons stated, we hold that the Circuit Court of Henrico County and the Circuit Court of Chesterfield County, both as duly constituted, and the judges thereof, have jurisdiction to hear and determine the annexation suits filed by the city of Richmond against Henrico county and the city of Richmond against Chesterfield county and pending in the respective courts, and the prayer of the petition is denied.

*Writ denied.*