## Richmond

### COUNTY OF DINWIDDIE v. CARLTON E. HOLLADAY, WILLIAM S. JORDAN, EARL L. ABBOTT, JUDGES, ETC.

December 4, 1967.

Record No. 6740.

Present, Eggleston, C.J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*Robert C. Fitzgerald* (*Herbert T. Williams*, on brief), for petitioner.

No brief or argument for respondents.

*David J. Mays* (*Eugene R. Marable, Jr.*; *Henry T. Wickham*, on brief), for City of Petersburg, *amicus curiae*.

BUCHANAN, J., delivered the opinion of the court.

On June 7, 1967, the County of Dinwiddie filed its petition in this court for a writ of prohibition directed to the three judges designated to hear and determine the annexation proceedings in the case of City of Petersburg against the Counties of Dinwiddie and Prince George pending in the Circuit Court of Prince George county, prohibiting them from proceeding further in said annexation suit.

The petition alleged that the City of Petersburg was seeking to annex territory from both Dinwiddie county and Prince George

county, the greater part being in Prince George county; that pursuant to requests duly made, the Chief Justice of this court designated Earl L. Abbott, Judge of the Nineteenth Judicial Circuit, William S. Jordan, Judge of the Thirty-sixth Judicial Circuit, and Carlton E. Holladay, Judge of the Third Judicial Circuit, as members of the three-judge court authorized by § 15.1-1038 of the Code to hear and determine the matter; that no judge of the Circuit Court of Dinwiddie county, which was in the Fourth Judicial Circuit, was designated as a member of said three-judge court, and that hence said court was not constituted as required by said § 15.1-1038 [formerly § 15-152.8] and therefore did not have jurisdiction to hear and determine the petition for annexation.

The petition further alleged that petitioner had raised the point before said three judges by a plea to the jurisdiction which had been overruled by Judges Abbott and Holladay, with Judge Jordan dissenting.

The City of Petersburg, by counsel, prayed for leave to file a brief *amicus curiae* in this court, which leave was granted and its counsel participated in the oral argument on the petition for a writ of prohibition.

It was stipulated and agreed by counsel that the ordinance of the City of Petersburg seeks to annex territory from Prince George county and from Dinwiddie county; that the greater portion of the territory lies in Prince George county; that Prince George county is in the Third Judicial Circuit and Dinwiddie is in the Fourth Judicial Circuit, and that no judge of the Fourth Judicial Circuit has been designated to sit on the annexation court.

The sole question now to be answered is whether the annexation court, composed of Judges Abbott, Jordan and Holladay, is validly constituted according to the statutes.

Dinwiddie contends that Petersburg cannot annex territory from Prince George county and Dinwiddie county in the same proceeding, but must proceed in separate suits so that the Judge of the Circuit Court of Dinwiddie county may serve as one of the three judges composing the annexation court, which it claims the annexation statutes require. It relies on *City of Norfolk* v. *Oast*, 189 Va. 501, 53 S.E.2d 137, to support its contention.

That case was decided in 1949, after § 2958 of the 1919 Code had been amended by Chapter 441 of Acts of Assembly of 1924 to provide that the court hearing the annexation case should be com-

posed of three judges, as follows: "the judge of the circuit court of the county in which the territory sought to be annexed lies; the judge of the circuit court of the city to which the territory is to be annexed and a judge of some circuit court in this State remote from the territory to be annexed, to be designated by the governor, and when the circuit judge of the city and of the county in which the territory lies is the same, the governor shall designate a third judge from an adjoining circuit. * *"

In *Oast* the City of Norfolk sought to annex territory from Norfolk county and from Princess Anne county in the same proceeding. It was held that "since neither the judge of the Circuit Court of Norfolk county nor the judge of the Circuit Court of the city of Norfolk is the same person as the judge of the Circuit Court of Princess Anne county, it is impossible to appoint a three-judge court, within the limitation prescribed by the statute," *i.e.*, § 2958, which required that one of the judges should be the judge of the circuit court of the county in which the territory sought to be annexed lies. Chief Justice Hudgins and Justice [now Chief Justice] Eggleston dissented.

Thereafter, at its 1950 session the General Assembly by Joint Resolution, Acts 1950, p. 1624, created a commission "to study the problems of urban growth and their impact upon rural areas." * That commission recommended (House and Senate Documents, Reg. Sess. 1952; House Document 13 at p. 25) the adoption of, and the General Assembly enacted (Acts 1952, ch. 328), § 15-152.7 (a) and (b), now § 15.1-1037 (a) and (b), Code 1950 (Repl. Vol. 1964), as follows:

"(a) When proceedings for the annexation of territory to a city or town are pending and a petition is filed seeking the annexation of the same territory or a portion thereof to another city or town the case shall be heard by the court in which the original proceedings are pending. The court shall consolidate the cases and hear them together, and shall make such decision as is just taking into consideration the interests of all parties to each case.

"(b) When the territory sought by a city or town lies in two or more counties, all such counties shall be made parties defendant to the case. The motion or petition shall be addressed to the cir-

---

* Judge Abbott, a member of the three-judge court in the present case and who was of opinion that the plea to the jurisdiction referred to above should be overruled, served as chairman of that commission.

cuit court of the county in which the larger part of the territory is located. The provisions of this article shall apply, mutatis mutandis, to any such proceedings."

In *King* v. *Hening*, 203 Va. 582, 125 S.E.2d 827, decided in 1962, the City of Richmond had enacted an ordinance to annex land in Henrico county, and a separate ordinance to annex land in Chesterfield county, and a petition for a writ of prohibition was filed in this court to prohibit the city from prosecuting the two suits on the ground that § 15-152.7 (b), *supra*, required the city to proceed against the counties in the same suit. We denied the writ and in the opinion stated that the same jurisdictional question was raised in *County of Henrico* v. *City of Richmond*, 177 Va. 754, 15 S.E.2d 309, and that we had there held that the city "had the right or option under the provisions of the above statutes [former §§ 2956 and 2957] to proceed for annexation of territory lying in the two counties at the same time and in a single proceeding, but it was not compelled to do so; * *." But we further said:

"Under the provisions of § 15-152.7 (b), when a city or town adopts a single ordinance for the annexation of territory lying in two counties it shall proceed against the counties in a single suit filed in the circuit court of the county in which the larger part of the territory sought is located. *Cf. City of Norfolk* v. *Oast*, 189 Va. 501, 502, 53 S.E.2d 137, 138 (1949). * *" 203 Va. at 587-88, 125 S.E.2d at 831.

Nevertheless, insists the County of Dinwiddie, § 15.1-1038 [formerly § 15-152.8] cannot be complied with in this case because it is sought to annex territory from Dinwiddie county and the judge of the circuit court of that county is not a member of the annexation court.

Section 15.1-1038 provides that the annexation court shall be held by three judges, as follows: "The judge of the circuit court of the county in which the territory sought to be annexed lies or any judge designated as provided by law to sit in his stead (hereinafter in this article designated as 'local judge'), and two judges of circuit courts remote from the territory to be annexed * *."

It is to be noted, however, that § 15.1-1037 (b) carries the mandatory provision that when the territory sought by the city or town lies in two or more counties, "all such counties shall be made parties defendant to the case," and the motion or petition "shall be addressed

to the circuit court of the county in which the larger part of the territory is located." Surely the members of the commission who recommended the enactment of § 15-152.7 (b) [now § 15.1-1037 (b)] knew, when they required that all the counties affected must be made parties defendant when the territory sought to be annexed by a city or town lies in two or more counties, that it would frequently happen that all the counties would not have the same judge and only one judge from the counties affected could be a member of the annexation court. It is not reasonably to be doubted that it was for that reason that there was added to § 15-152.7 (b) the sentence "The provisions of this article shall apply, mutatis mutandis, to any such proceedings."

Section 15.1-1038 is one of the sections of "this article," Article 1, Chapter 25, Title 15.1, of the Code, and is one of the sections affected by the *mutatis mutandis* phrase. *Mutatis mutandis* means "with the necessary changes," Ballentine's Law Dict., p. 842; Black's Law Dict., 3d ed., p. 1218. Appearing as it does in the new requirement that all counties affected shall be made parties defendant to the annexation case, it necessarily means that the judge of the circuit court of the county in which the larger part of the territory sought to be annexed is located, and to whom the petition for annexation must be addressed, shall be the "local judge" referred to in § 15.1-1038, and that such local judge and two judges of circuit courts remote from the territory sought to be annexed, to be designated as provided in said § 15.1-1038, shall constitute the annexation court to hear the case and decide the issues. We think this is necessarily the meaning of the present provisions of the annexation statutes and we so hold.

The writ of prohibition herein prayed for is therefore denied.

*Writ denied.*