## Richmond

EDDIE WALLACE LEE, JR., AN INFANT, ETC. v. HONORABLE LIGON L. JONES, JUDGE DESIGNATE, ETC.

April 24, 1972.

Record No. 7960.

Present, All the Justices.

*Sidney Barney*, for petitioner.

*Robert E. Shepherd, Jr., Assistant Attorney General*, for respondent.

I'ANSON, J., delivered the opinion of the court.

Eddie Wallace Lee, Jr., an infant 14 years of age, suing by his next friend, Sidney Barney, filed an original petition in this court for a writ of prohibition to be directed to the respondent, the Honorable Ligon L. Jones, Judge Designate of the Hustings Court of the City of Petersburg, and his successor in office, to prohibit them, or either of them, from trying three indictments returned against him by a grand jury in the Hustings Court.

The petition alleges that on September 30, 1971, three petitions were filed in the Juvenile and Domestic Relations Court of the City of Petersburg, one charging Lee with murder and the other two charging him with felonious assault. After a hearing on the petitions, Lee was committed to the State Board of Welfare and Institutions.

Thereupon, the Commonwealth's attorney advised the court, within the time prescribed by statute, that he would present the cases to the grand jury.

On November 18, 1971, Lee was indicted by the grand jury on one charge of murder and two charges of malicious wounding with intent to maim, disfigure, disable and kill.

Lee, by counsel, moved to quash the indictments on the ground that the court lacked jurisdiction to try him because Code § 16.1-176(a), as amended, 1960 Repl. Vol., 1971 Cum. Supp., provides: "In no case shall any child under the age of fifteen * * * be indicted or tried under the criminal laws of this State." The motion was overruled and this petition for a writ of prohibition followed.

The attorney for the respondent moved to dismiss the petition on the grounds that prohibition does not lie, and that under the provisions of Code § 16.1-176(a) the Hustings Court does have jurisdiction to try the indictments returned against Lee.

■ A writ of prohibition will lie where necessary to prevent an inferior court from exercising jurisdiction over matters beyond its cognizance. *King v. Hening,* 203 Va. 582, 585, 125 S.E.2d 827, 829 (1962).

■ The pertinent part of Code § 16.1-176(a), as amended, reads thus:

> "If a child fourteen years of age or over is charged with an offense which, if committed by an adult, could be punishable by confinement in the penitentiary the court * * * may * * * retain jurisdiction or certify such child for proper criminal proceedings to the appropriate court of record having criminal jurisdiction of such offenses * * * provided, however, that in the event the juvenile court does not so certify a child fourteen years of age or over, charged with an offense which * * * would be punishable by death or confinement in the penitentiary for life or a period of twenty years or more, the Commonwealth's attorney * * * may present the case to the grand jury of the proper court of record; and provided, further, that if a child fourteen years of age or older who has previously been adjudged to come within the purview of the juvenile and domestic relations court law * * * is subsequently charged with committing a felony, the Commonwealth's attorney * * * may, after a preliminary hearing in the juvenile and domestic relations court, present the case to the grand

jury of the proper court of record. * * * If a child fourteen years of age or over is charged with an offense * * * and * * * is a fugitive from justice, then the juvenile and domestic relations court may nevertheless certify such child for proper criminal proceedings to the appropriate court as above provided. *In no case shall any child under the age of fifteen be so certified, nor shall any such child be indicted or tried under the criminal laws of this State.* The ages specified in this section refer to the age of the child or minor at the time of the alleged commission of the offense." (Italics supplied.)

The legislative history of this Code section[1] shows that it has been amended many times, but we will make reference only to the amendments pertinent herein. The statute was amended by Acts of 1954, ch. 599, at 768, by the addition of the sentence providing for certification of a child fourteen years of age or older who is a fugitive. By Acts of 1970, ch. 600, at 1233-34, "fifteen" was substituted for "fourteen" in the italicized sentence of the above-quoted subsection (a), but no changes were made in the ages specified elsewhere in the statute. Except for this change in age, the language of the sentence is the same as it appeared in the Acts of 1950, ch. 383, at 665, 678, which provided for a state-wide system of juvenile and domestic relations courts.

Respondent's attorney argues that the sentence in which the 1970 amendment changed the age from fourteen to fifteen refers to the preceding sentence added to the statute by the 1954 amendment, and serves only as a limitation on the jurisdiction of a court of record as to a child under fifteen where "such child is a fugitive from justice" and the child is charged with an offense which, if committed by an adult, could be punishable by confinement in the penitentiary.

We do not agree. The language relied upon by Lee, that "*In no case shall any child under the age of fifteen* be so certified, nor shall any such child *be indicted or tried under the criminal laws of this State*" (emphasis added), cannot be construed as a limitation on the jurisdiction of a court of record only as to a child under fifteen who is a fugitive from justice. We find nothing in the quoted language which limits its application solely to a child who is a fugitive. To hold otherwise would be to disregard the plain meaning of language which, except as to the change in age, has been in the statute since

1. Formerly Code § 16-172.42.

its enactment in 1950 and prior to the 1954 amendment relating to certification of a child who is a fugitive.

For the reasons stated, we hold that the Hustings Court does not have jurisdiction to try the cases against Lee, and the writ of prohibition is awarded.

*Writ awarded.*