## CIRCUIT COURT OF LOUDOUN COUNTY

Judy Reynolds

v.

The Hon. Jean H. Clements
and Thomas G. Enderle

July 21, 1989

Case No. (Law) 10624

By JUDGE THOMAS D. HORNE

This is an action for a Writ of Prohibition in which the Petitioner seeks the aid of this Court in prohibiting the Juvenile and Domestic Relations Court of Loudoun County and the Honorable Jean H. Clements, Judge, from exercising jurisdiction in an interstate child custody dispute. Petitioner asserts that Virginia does not have the jurisdiction of the matter pursuant to the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), Virginia Code, Sections 20-125 to 20-146. She asserts that her home state of Louisiana affords a more appropriate forum in which to adjudicate the merits of the custody decision and that therefore, as a matter of law, the lower Court is preempted from rendering a decision on the merits. Since Plaintiff maintains that the lower Court is without jurisdiction, she seeks the Writ of Prohibition to prevent that Court from adjudicating the dispute.

The question of which forum is the more appropriate to determine custody is not before this Court today. That determination is evidentiary in nature and has been made by the Juvenile and Domestic Relations Court. The Court expresses no opinion as to the correctness of that decision within the context of these proceedings. If Petitioner is aggrieved by the decision of the lower Court, she has

an appeal of right to this Court, and this affords her an adequate remedy at law.

There is a large well-established body of law in Virginia regarding the writ of prohibition. More than a century ago, our Supreme Court summarized the principles regarding their issuance in *Supervisors of Bedford v. Wingfield*, 68 Va. (27 Gratt.) 329 (1876).

These principles are not merely of historical interest but remain the law in Virginia today. A Writ of Prohibition is an extraordinary remedy employed "to redress the grievance growing out of an encroachment of the jurisdiction." *Elliot v. Great Atlantic Management*, 236 Va. 334 (1988), citing *James v. Stokes*, 77 Va. 225, 229 (1883). It properly issues from a superior court to a subordinate court "to cease from the prosecution of a suit, upon a suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court." *Id.*

It may not be used for the correction of errors. *In re Department of Corrections*, 222 Va. 454, 461 (1981). If a subordinate court has jurisdiction of the subject matter of the controversy, jurisdiction of the parties, and the amount in dispute is within the monetary limits of the court's power, a mistaken exercise of that jurisdiction does not justify resort to the remedy of prohibition. In other words, the writ of prohibition does not lie to prevent the lower court from adjudicating erroneously. *Elliot*, *supra*, citing *County School Board v. Snead*, 198 Va. 100, 107 (1956), citing *Grigg v. Dalsheimer*, 88 Va. 508, 510 (1891).

On facts virtually identical to those of the instant case, the denial of a Writ of Prohibition was upheld by the Court of Appeals. *In re Alan C. Johnson*, 3 Va. App. 492 (1986). In that case the father of the child petitioned the Circuit Court for a Writ of Prohibition seeking to bar the Juvenile and Domestic Relations Court from considering questions concerning the custody of the child. The Circuit Court denied the Writ of Prohibition and the father appealed, arguing that the lower Court did not have jurisdiction over the custody questions by virtue of the provisions of the Parental Kidnapping Prevention Act and Uniform Child Custody Jurisdiction Act. The Court of Appeals affirmed, holding that the father had an adequate remedy

in the lower court, and if aggrieved by the decision of that court, an absolute right of appeal to this court. There appearing to be no material distinction between this case and the case at Bar, this Court finds *Johnson* to be dispositive of the issue. For this and all the foregoing reasons, the Petition for Writ of Prohibition is denied.